*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1376**

State of Minnesota,
Respondent,

vs.

Terry Gene Anderson,
Appellant.

**Filed August 11, 2014
Affirmed
Reilly, Judge**

Meeker County District Court
File No. 47-CR-12-1057

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Anthony D. Spector, Meeker County Attorney, Ricky Fidelis Lanners, Assistant County Attorney, Litchfield, Minnesota (for respondent)

John E. Mack, Mack & Daby P.A., New London, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Reilly, Judge; and Stoneburner, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**REILLY**, Judge

On appeal from his driving while impaired convictions, appellant Terry Anderson argues that his convictions must be reversed because (1) his consent to a warrantless breath test was not voluntary; and (2) Minnesota's implied-consent laws are unconstitutional regulations of speech. Because the record demonstrates that Anderson voluntarily consented to the breath test and he has not demonstrated that the implied-consent laws are unconstitutional, we affirm.

## FACTS

The facts are undisputed. Around midnight on October 27, 2012, Minnesota State Patrol Sergeant Meagher noticed that the driver of a truck was not wearing a seatbelt. Sergeant Meagher activated his emergency lights. Because there was no reaction from the driver, later determined to be Anderson, Sergeant Meagher then activated his siren. After traveling for three city blocks, Anderson pulled over onto the shoulder. As Sergeant Meagher approached the truck, Anderson attempted to roll down the window but, instead, opened the door and almost fell out of the driver's seat.

Sergeant Meagher requested Anderson's driver's license and questioned him about his lack of seatbelt. During this time, Sergeant Meagher smelled the strong odor of an alcoholic beverage coming from inside the truck. After Anderson struggled to produce his driver's license, Sergeant Meagher conducted field sobriety tests, none of which Anderson successfully performed. Sergeant Meagher then administered a preliminary breath test. The breath test indicated an alcohol concentration of .194.

Sergeant Meagher arrested Anderson for driving while impaired (DWI) and, while still at the scene of the traffic stop, read the Minnesota motor vehicle implied-consent advisory form to Anderson. In reading the implied-consent advisory form, Sergeant Meagher informed Anderson that Minnesota law requires him to take a test to determine whether he is under the influence of alcohol; that refusing to take the test is a crime; that he has the right to consult an attorney; and that any unreasonable delay is considered a refusal. Anderson confirmed he understood the advisory, declined to consult with counsel, and agreed to take a breath test. After Sergeant Meagher drove Anderson to the Meeker County jail, Sergeant Meagher administered the breath test at approximately 12:48 a.m. This test revealed an alcohol concentration of .21. Anderson had a prior DWI conviction.

Anderson moved to suppress the breath-test evidence, arguing that Minnesota Statute section 169A.20 is unconstitutional under *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), because it compels a warrantless search. The district court held a bench trial on stipulated facts pursuant to Minnesota Rule of Criminal Procedure 26.01, subd. 4 and *State v. Lothenbach*, 296 N.W.2d 854 (Minn. 1980).

In its order, the district court rejected appellant's argument that *McNeely* prohibited a warrantless breath test. Instead, the district court limited the holding of *McNeely* to blood tests and also found that Anderson consented to the breath test. The district court also rejected Anderson's argument that the implied-consent statute is unconstitutional and denied Anderson's motion to suppress the test results and dismiss

the complaint. The district court convicted Anderson of two counts of second-degree driving while impaired. Anderson appeals.

## DECISION

Anderson contends the district court erred by denying his motion to suppress evidence of his breath test, asserting that the test was a warrantless compelled search. Because the facts are undisputed, the district court's suppression order presents a question of law that we review de novo. *State v. Othoudt*, 482 N.W.2d 218, 221 (Minn. 1992).

The federal and state constitutions guarantee the right to be secure against unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. 1, § 10. Testing a person's breath constitutes a search under the Fourth Amendment and generally requires a warrant. *Skinner v. Ry. Labor Execs. Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1412-13 (1989); *State v. Netland*, 762 N.W.2d 202, 212 (Minn. 2009), *abrogated in part by McNeely*, 133 S. Ct. 1552, *as recognized in State v. Brooks*, 838 N.W.2d 563, 567 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014). Warrantless searches are unreasonable unless the state proves that an exception to the warrant requirement applies. *State v. Flowers*, 734 N.W.2d 239, 248 (Minn. 2007). Consent is an exception to the warrant requirement if the state can show by a preponderance of the evidence that a defendant "freely and voluntarily" consented to the search. *State v. Diede*, 795 N.W.2d 836, 846 (Minn. 2011).

In determining whether consent is voluntary, this court considers the totality of the circumstances, "including the nature of the encounter, the kind of person the defendant is,

4

and what was said and how it was said." *Diede*, 795 N.W.2d at 846. In the implied-consent context, the nature of the encounter includes why law enforcement suspected that the driver was driving under the influence, how law enforcement requested submission to chemical testing, including whether the driver was read the implied-consent advisory, and whether the driver had the ability to consult with an attorney. *Brooks*, 838 N.W.2d at 569.

In *Brooks*, the supreme court held that the driver's consent to testing was voluntary because he did not challenge the probable cause that he had been driving under the influence, he was properly read the implied-consent advisory, he consulted with an attorney before consenting to testing, and he was not subjected to repeated police questioning nor did he spend a prolonged period in custody. *Id.* at 571-72. The *Brooks* court established that the criminal penalties for refusing a chemical test do not invalidate consent that is otherwise voluntary under the totality of the circumstances. *Id.* at 570-71 ("[A] driver's decision to agree to take a test is not coerced simply because Minnesota has attached the penalty of making it a crime to refuse the test.").

Here, the circumstances surrounding Anderson's arrest and chemical testing are substantially similar to those that the *Brooks* court held satisfactorily demonstrated voluntary consent. Anderson does not challenge that Sergeant Meagher had probable cause to arrest Anderson for DWI. Sergeant Meagher read Anderson the implied-consent advisory, and Anderson told Sergeant Meagher that he understood the advisory and that he did not wish to speak to an attorney. There is nothing in the record to suggest that law enforcement subjected Anderson to repeated questioning or prolonged custody.

5

Anderson attempts to distinguish *Brooks* from his case because Anderson did not speak to an attorney before consenting. In *Brooks*, although the defendant did consult with an attorney before submitting to the chemical test, this fact is not dispositive when reviewing the voluntariness of the consent. *Brooks* stated only that the driver should have the ability to consult with an attorney. *Id.* at 572 (explaining that "the ability to consult with counsel about an issue supports the conclusion that a defendant made a voluntary decision"). Here, Sergeant Meagher gave Anderson the opportunity to consult with an attorney, but Anderson declined to do so. Because the circumstances establish that Anderson freely and voluntarily consented to the breath test, the district court did not err in declining to suppress the breath-test results.

Anderson also argues that *Brooks* is simply wrong. We are obligated to follow Minnesota Supreme Court precedent. *State v. Peter*, 825 N.W.2d 126, 129 (Minn. App. 2012), *review denied* (Feb. 27, 2013). Moreover, the United States Supreme Court recently denied the petition for writ of certiorari in *Brooks*. 134 S. Ct. 1799 (2014). Thus, Anderson's assertion that subsequent review of *Brooks* will provide relief under the facts of this case is meritless.

Finally, Anderson argues that *Brooks* does not dispose of his First Amendment constitutional claim because requiring an individual to say "yes" or "no" to an implied-consent advisory is a form of compelled protected speech and compelling this speech violates his First Amendment rights under both the United States and Minnesota Constitutions. We presume that a statute is constitutional. *State v. Behl*, 564 N.W.2d 560, 566 (Minn. 1997). The "power to declare a statute unconstitutional should be

6

exercised with extreme caution and only when absolutely necessary." *Id.* A party challenging the constitutionality of a statute bears a "very heavy burden" on appeal and must demonstrate that the statute is unconstitutional beyond a reasonable doubt. *State v. Johnson*, 813 N.W.2d 1, 11 (Minn. 2012). We review de novo a district court's ruling on the constitutionality of a statute. *Id.* at 4.

A review of the record reveals that Anderson did not raise his First Amendment argument in any of his previous filings or motions to the district court. We decline to consider a constitutional challenge when it is not raised before and acted upon by the district court. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) ("This court generally will not decide issues which were not raised before the district court, including constitutional questions of criminal procedure."). Even if we were to address the merits of this argument, Anderson's reliance on two inapposite United States and Minnesota Supreme Court cases does not satisfy the heavy burden of demonstrating that the implied-consent statutes are unconstitutional.

**Affirmed.**