*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0767**


State of Minnesota,
Respondent,

vs.

Jesus Ivan Torres-Lopez,
Appellant.


**Filed October 20, 2014
Reversed and Remanded
Bjorkman, Judge**


Freeborn County District Court
File No. 24-CR-11-298

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Craig S. Nelson, Freeborn County Attorney, David Walker, Assistant County Attorney, Albert Lea, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Lydia Villalva Lijó, Assistant Public Defender, St. Paul, Minnesota (for appellant)

    Considered and decided by Smith, Presiding Judge; Larkin, Judge; and Bjorkman, Judge.

**BJORKMAN**, Judge

Appellant challenges the revocation of his probation, arguing that the probation condition at issue was invalid, and revocation violated his due-process rights. Because the district court did not conduct the required *Austin* analysis, we reverse and remand.

**FACTS**

Appellant Jesus Ivan Torres-Lopez pleaded guilty to a first-degree controlled-substance crime in April 2011. At the time of the plea, Torres-Lopez was awaiting deportation to Mexico. Accordingly, the plea agreement called for a dispositional departure from the presumptive 86-month sentence. The district court imposed the presumptive sentence, but stayed execution on the condition that Torres-Lopez was not to illegally return to the United States within the next 30 years. In the event that Torres-Lopez was not deported, he was to serve his 86-month sentence.

Torres-Lopez was deported, but returned to the United States illegally in 2013. He was arrested and, in July 2013, pleaded guilty in federal court to the felony offense of re-entry of a removed alien. Respondent State of Minnesota advised the district court of the conviction and a series of revocation hearings ensued. At the final hearing, Torres-Lopez objected to the length of his presumptive sentence, but did not challenge the validity of the probation condition. The district court stated that the sentencing order was "quite clear" that if he were deported and returned to the United States illegally, his sentence would be executed. The district court vacated the stay of execution and ordered Torres-Lopez to serve his 86-month sentence. This appeal follows.

**D E C I S I O N**

## I. Torres-Lopez waived his objection to the validity of his probation condition.

Torres-Lopez contends that the condition that he not illegally re-enter the United States constitutes impermissible banishment, is not reasonably related to the purposes of probation, and reflects the district court's improper consideration of his immigration status. Torres-Lopez did not challenge this probation condition at sentencing or at his revocation hearing. We generally do not decide issues that were not raised before the district court. *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996). When an appellant fails to object to conditions of probation in the district court, challenges to the validity of those conditions are not properly before this court on appeal. *See State v. Anderson*, 733 N.W.2d 128, 138-39 (Minn. 2007) (refusing to consider a challenge to the validity of a probation condition where the issue was not raised in district court).

We have discretion to consider issues that were not raised in the district court, "when the interests of justice require . . . and doing so would not unfairly surprise a party to the appeal." *Roby*, 547 N.W.2d at 357. This is not one of those instances. Torres-Lopez was fully aware of the now-challenged probation condition at sentencing. It was part of his bargained-for plea agreement, and nothing prevented him from objecting to the condition at sentencing or during the revocation proceedings. None of his representations in the district court apprised the state of the present challenge. Accordingly, we will not consider the merits of this argument.

**II.     Remand is necessary for the district court to properly consider the alleged probation violation.**

The loss of liberty resulting from a probation revocation is "a serious deprivation requiring that the [probationer] be accorded due process." *Gagnon v. Scarpelli*, 411 U.S. 778, 781, 93 S. Ct. 1756, 1759 (1973). We review questions of constitutional law de novo. *State v. Shattuck*, 704 N.W.2d 131, 135 (Minn. 2005). And the interpretation of the rules of criminal procedure is a question of law, which this court reviews de novo. *Ford v. State*, 690 N.W.2d 706, 712 (Minn. 2005).

Torres-Lopez asserts revocation violated his due-process rights because (1) the state did not provide him with a probation report, (2) the state did not present "clear and convincing evidence" that he violated his probation, and (3) the district court revoked his probation without making the required *Austin* findings. We address each argument in turn.

**Probation report**

A probationer must be "notified in writing" of the alleged grounds warranting probation revocation. Minn. Stat. § 609.14, subd. 2 (2012). Revocation proceedings must be initiated by "a summons or warrant based on a written report showing probable cause to believe a probationer violated probation." Minn. R. Crim. P. 27.04, subd. 1(1)(a). A probationer must receive a copy of the violation report at his first appearance before the district court if one has not already been provided. Minn. R. Crim. P. 27.04, subd. 2(1)(b).

The state applied to the district court for an arrest warrant, citing Torres-Lopez's illegal re-entry and subsequent conviction as the basis for revoking his probation. The application states that Torres-Lopez was currently serving a seven-month sentence at a detention center in Arizona, and attaches the sentencing order, which contains Torres-Lopez's plea of guilty to illegally re-entering the country.

Torres-Lopez admits that he and his lawyer received the warrant application and its attachments prior to the final revocation hearing. Given that Torres-Lopez was only subject to one probation condition, it is difficult to conclude that he did not receive sufficient notice of the allegation against him. Any additional documentation or formal report would have merely repeated the information Torres-Lopez received. And he did not object in the revocation proceeding to the form or type of notice the state provided. On this record, we conclude the written notification Torres-Lopez received comports with Minnesota law and the requirements of due process.

**Clear and convincing evidence**

A district court has "broad discretion in determining if there is sufficient evidence to revoke probation and should be reversed only if there is a clear abuse of discretion." *State v. Austin*, 295 N.W.2d 246, 249-50 (Minn. 1980). The state has the burden of proving the offender violated his probation terms by clear and convincing evidence. Minn. R. Crim. P. 27.04, subd. 3.

Torres-Lopez contends that the state did not meet its burden because it did not offer "any written or testimonial evidence at the hearing to establish that appellant violated the term of his probation." He also asserts that there was "no discussion or

5

inquiry into the circumstance of appellant's re-entry into the United States." We disagree. Torres-Lopez's probation condition clearly prohibited him from illegally re-entering the country following deportation. Torres-Lopez's physical presence at the revocation hearing made it undeniable that he returned to the United States. The record before the district court of Torres-Lopez's plea of guilty demonstrates his return was voluntary and illegal.

### *Austin* findings

Finally, Torres-Lopez contends that reversal is warranted because the district court failed to make the findings required by *Austin*. We agree. Before revoking probation, a district court must: (1) specify the condition or conditions that the probationer violated, (2) find the violation was intentional or inexcusable, and (3) determine the need for confinement outweighs the policies favoring probation. *Austin*, 295 N.W.2d at 250. In *State v. Modtland*, the Minnesota Supreme Court held that the district court's findings must be specific and "seek to convey [the district court's] substantive reasons for revocation and the evidence relied upon." 695 N.W.2d 602, 608 (Minn. 2005). *Modtland* rejected the notion that there was a "sufficient evidence exception" to *Austin*, which would permit an appellate court to affirm a probation revocation if the requisite findings could be inferred and the record supports such findings. *Id.* at 606.

As the parties[1] correctly observe, in revoking Torres-Lopez's probation, the district court merely summarized several basic facts and noted that it was "quite clear"

---

[1] During oral argument, the state agreed the district court's failure to make *Austin* findings requires a remand.

that if Torres-Lopez re-entered the country the stay of execution would be vacated.  The district court did not explain its reasoning or articulate how the need for confinement compares to the policies favoring probation.  Because implicit findings, even if supported by the record, are insufficient to satisfy *Austin*, we reverse and remand for the district court to make the required findings.

**Reversed and remanded.**