*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1857**

State of Minnesota,
Respondent,

vs.

Gene Paul Schave,
Appellant.

**Filed March 2, 2015
Affirmed
Cleary, Chief Judge**

Hennepin County District Court
File No. 27-CR-10-38210

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Brittany D. Lawonn, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Lee R. Wolfgram, The Wolfgram Law Firm, Ltd., Minneapolis, Minnesota (for appellant)

Considered and decided by Cleary, Chief Judge; Bjorkman, Judge; and Reyes, Judge.

UNPUBLISHED OPINION

**CLEARY**, Chief Judge

Appellant Gene Paul Schave challenges the revocation of his probation and the imposition of his sentence. Schave argues that the district court abused its discretion by finding that his violation of the terms of his probation was intentional or inexcusable. Because the record supports the district court's conclusion that Schave's probation violation was not excusable, we affirm.

## FACTS

On September 14, 2010, appellant Gene Paul Schave pleaded guilty to possession of pornographic work involving a minor, in violation of Minn. Stat. § 617.247, subd. 4(a) (2010). The presumptive sentence was 15 months stayed. The district court sentenced Schave to a stay of imposition and a three-year probationary period. Schave's probation was conditioned upon his completion of a sex-offender treatment program.

In January 2011, Schave entered an outpatient sex-offender treatment program offered by Project Pathfinders. In November 2011, Schave was placed on a behavior contract because of his therapists' concerns that he was unmotivated and continuing to withhold information regarding previous victims. Schave's probation officer discussed Schave's lack of progress with him in December 2011. Schave and his probation officer discussed whether an inpatient-treatment program would be more appropriate for him and the possibility that Schave's sleep apnea may have been interfering with his treatment. Schave felt he was making adequate progress through the Project Pathfinders program

and decided to remain in outpatient treatment. Schave's probation officer encouraged him to obtain treatment for his sleep apnea.

In January 2012, Schave was placed on a second behavior contract because of continued lack of progress and behavioral concerns. In November 2013, Schave's probation was increased by one year (to expire November 2014) to give him more time to complete treatment. In January 2014, Schave was discharged from Project Pathfinders for not making progress. Schave's probation officer subsequently filed a probation-violation report.

At Schave's probation-violation hearing, the district court found clear and convincing evidence that Schave had violated a material condition of his probation because he had not completed court-ordered treatment and did not have adequate time remaining on probation to complete treatment. The district court also found that the violation was intentional and inexcusable, citing the multiple attempts by Schave's therapists and probation officer to motivate him. In addition, the district court found that Schave's sleep apnea condition did not "rise to the level of . . . a legal excuse" for his probation violation, because he could have sought treatment and failed to do so. Finally the district court found that the public policy favoring probation was outweighed by the need for confinement. As a result, the district court ordered execution of Schave's 15-month sentence. Schave appeals from the district court's order executing his sentence.

## DECISION

The district court has broad discretion in determining whether to revoke a defendant's probation. *State v. Austin*, 295 N.W.2d 246, 249-50 (Minn. 1980). We

3

review the court's decision that sufficient evidence exists to revoke probation for an abuse of discretion. *Id.* Before revoking probation, the district court must follow the three-step analysis established in *Austin* by (1) designating the specific condition of probation that has been violated, (2) determining that the violation was intentional or inexcusable, and (3) finding that the need for confinement outweighs the policies favoring probation. *Id.* at 250.

Schave only challenges the district court's finding as to the second factor, the district court's determination that the violation was intentional or inexcusable. Schave raises three arguments why the court abused its discretion in finding that Schave's violation was intentional or inexcusable. First, Schave argues that his failure to complete treatment is excusable because his sleep apnea "causes him to feel drowsy during the day and have trouble with concentration and attention." The court found that Schave's sleep apnea did not excuse Schave's failure to complete treatment because Schave knew about the condition in 2011 and knew then that he needed to seek treatment. Schave argues here that he was unable to afford treatment. However, Schave did not raise this argument before the district court, so we decline to consider it here. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (holding that litigants are bound on appeal by the theories upon which the action was tried below). Because Schave did not timely raise or seek help for the issue of sleep apnea, the district court acted within its discretion in finding that Schave's sleep apnea did not excuse his failure to complete treatment.

Second, Schave argues that his failure to complete treatment is excusable because the professionals assigned to his case improperly required him to make the decision

whether he would transition to inpatient treatment. Schave points out that his probation officer was concerned, as of December 2011, that Schave was "not amenable to outpatient treatment." At that time, Schave and his probation officer discussed whether Schave would be able to complete his treatment in an outpatient setting, and Schave decided that he could. Schave argues that, because he was not professionally qualified to make such a decision, his probation officer should have asked the court to order inpatient therapy rather than leaving the decision to him.

The record supports the conclusion that it was appropriate for Schave to make the decision whether to transition to inpatient treatment. Schave's probation officer and therapists informed him multiple times that his progress in outpatient treatment was inadequate, and Schave stated each time that he would attempt to improve his performance. Because of these intervention attempts, Schave was aware that he was making slower progress than was necessary to complete treatment. Schave's probation officer testified that she offered Schave the option of inpatient treatment as a way for him to focus more efficiently on completing his treatment. Schave made the decision to stay in outpatient treatment despite his knowledge that (1) his progress might be too slow to complete outpatient treatment within the probationary period, and (2) a potentially more-efficient option was available. This decision did not require Schave to have professional skills and the district court did not abuse its discretion by discrediting this argument.

For Schave's third argument that his failure to complete treatment is excusable, Schave asserts that sex-offender treatment inevitably requires longer to complete than the probationary period. However, the evidence presented at Schave's hearing does not

5

support this assertion. Schave's probation officer testified that a few individuals are able to complete treatment within 18 months, but most individuals complete treatment after two or three years of therapy followed by six to twelve months of aftercare. Rather than supporting Schave's argument that it is impossible to complete treatment within the probationary period, the probation officer's testimony supports the conclusion that *most* individuals are able to complete treatment within the probationary period.

This conclusion holds true for Schave as well. Schave entered treatment in January 2011 and was discharged from treatment in January 2014 for lack of progress. Schave's four-year probationary period was not set to expire until November 2014 and could have been extended to the statutory maximum of five years. According to the probation officer's testimony, if Schave had made typical progress through treatment, he should have been able to complete treatment well within the potential five-year probationary period, if not within his actual four-year probationary period. Conditioning probation upon completion of treatment was not unreasonable or unrealistic, and the district court did not abuse its discretion in discrediting this argument.

Because none of Schave's arguments excuse his probation violation, the district court did not abuse its discretion in concluding that Schave's probation violation was intentional or inexcusable.

**Affirmed.**