Gary L. ROBY, Appellant,

v.

STATE of Minnesota, Respondent.

No. C7–95–2056.

Supreme Court of Minnesota.

April 26, 1996.

Gary L. Roby, St. Cloud, pro se.

Hubert H. Humphrey III, Atty. Gen., Susan Gaertner, Ramsey County Atty., Darrell Hill, Asst. Ramsey County Atty., St. Paul, for Respondent.

## OPINION

KEITH, Chief Justice.

Appellant Gary Roby appeals from the summary dismissal of his second petition for postconviction relief in Ramsey County District Court. This court has twice reviewed Roby's conviction, once upon direct appeal and once following a previous pro se petition for postconviction relief. *See State v. Roby (Roby I )*, 463 N.W.2d 506 (Minn.1990); *Roby v. State (Roby II )*, 531 N.W.2d 482 (Minn. 1995). In his latest postconviction appeal to this court, Roby asserts that the district court erred when it summarily dismissed his petition for postconviction relief because he is entitled to an evidentiary hearing on his claim of ineffective assistance of appellate counsel. We reject this contention and affirm the district court.

On August 31, 1989, Roby was convicted of first-degree murder and felony murder after a Ramsey County jury trial, and was sentenced to life imprisonment. The facts of Roby's case are set forth in this court's opinion in *Roby I*, 463 N.W.2d at 507. Briefly, the prosecution's evidence at trial showed that the murder victim, Marlizza McIntyre, was killed by one gunshot to her head while she was being held face down on the kitchen floor of the St. Paul apartment where Roby lived. *Id.* According to eyewitness testimony, Roby fired the fatal shot while several of his co-conspirators held onto McIntyre's limbs and prevented her from standing up. Roby then removed a gold necklace from around McIntyre's neck and some cash from inside her brassiere. *Id.* Roby's defense was that another co-conspirator present at the murder, Lillian Dunn, fired the gun and killed McIntyre, but neither Roby nor Dunn testified at trial.

On direct appeal from his conviction, Roby was represented by the State Public Defender's Office and also filed a separate pro se brief. Roby's appellate counsel raised several issues on appeal, which are summarized in *Roby I*, 463 N.W.2d at 507–510. The only appellate issue relevant to Roby's current petition for postconviction relief concerns the propriety of Roby's arrest and the admissibility of several post-arrest statements he made to police. *Id.* at 507–508. Several days after McIntyre's body was found, an eyewitness to McIntyre's murder, Kenneth Fisher, gave a statement to police implicating Roby and several other residents of 692 East Fourth Street. St. Paul police officers then arrested Roby at that address without a warrant. On appeal, Roby argued that his arrest was the product of a nonconsensual, nonexigent entry into his home; therefore his statements to police after his arrest and the victim's necklace found in his possession must be suppressed.[1] 463 N.W.2d at 508. This court rejected Roby's argument, concluding that the issues relating to the propriety of Roby's arrest and the alleged warrantless entry by the police were waived because his trial counsel never raised them before the district court. *Id.* Roby's trial counsel had claimed at the omnibus hearing that the police lacked probable cause to arrest Roby, but she never asserted that the arrest involved a warrantless or otherwise improper entry into Roby's home. Therefore, this court held that the issue could not be raised

---

1. The issue of Roby's location at the time of his arrest remains unresolved. As this court noted in *Roby I*, "the record is unclear where defendant was when he was arrested, *i.e.*, whether he was inside or outside the duplex." 463 N.W.2d at 508 n. 1. The transcript from Roby's trial does not shed any further light on the issue, but does reveal that Roby's trial counsel only contested Roby's arrest by alleging a lack of probable cause.

for the first time on appeal. *Id.* (citing *State v. Sorenson,* 441 N.W.2d 455, 457 (Minn. 1989)).

Roby now argues that his appellate counsel's failure to request that Roby's case be remanded to the district court for further factual findings on the warrantless arrest issue infringed upon his Sixth Amendment right to the effective assistance of counsel. In his petition for postconviction relief, Roby claims that "the trial record did not specifically reflect where Petitioner was arrested, i.e., whether Petitioner was arrested *inside* his residence with other occupants or *outside* the residence." This factual issue, asserts Roby, was "critical" to the outcome of his trial and appeal; therefore his appellate counsel should have requested a remand to the district court for further factual findings on Roby's exact location at the time of his arrest. The district court summarily rejected this contention, ruling that Roby had failed to plead facts sufficient to warrant relief: "A remand for a hearing on this issue would make no difference. In the direct appeal of this case, *State v. Roby,* supra at 507–508, the Supreme Court ruled that the petitioner waived his right to claim a warrantless domiciliary arrest because it was not raised by trial counsel. Petitioner can show no prejudice."

█ On appeal, Roby argues that the district court was required to hold an evidentiary hearing on his ineffective assistance claim. On appeal from summary denial of a petition for postconviction relief, this court determines only whether sufficient evidence exists to support the lower court's findings. *Scruggs v. State,* 484 N.W.2d 21, 25 (Minn. 1992). This court will not reverse the district court's ruling unless an abuse of discretion has occurred. *Id.*

█ Petitions for postconviction relief are governed by Minn.Stat. §§ 590.01–.06 (1994). Section 590.04, subdivision 1 requires the district court to grant a hearing on the issues raised in the petition "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." In addition, the district court may summarily deny a second or successive petition for similar relief brought by the same petitioner, or a petition raising issues that have been previously decided in the same case by an appellate court. *See* Minn.Stat. § 590.04, subd. 3 (1994). *See also State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976) (all matters raised on direct appeal, or all claims known but not raised, will not be considered in a subsequent petition for postconviction relief). "Only where a claim is so novel that it can be said that its legal basis was not reasonably available at the time direct appeal was taken and decided will post-conviction relief be allowed." *Fox v. State,* 474 N.W.2d 821, 824 (Minn.1991).

█ An evidentiary hearing upon a petition for postconviction relief is not required unless the petitioner alleges such facts which, if proved by a fair preponderance of the evidence, would entitle him or her to the requested relief. *State v. Rainer,* 502 N.W.2d 784, 787 (Minn.1993); *Fratzke v. State,* 450 N.W.2d 101, 102 (Minn.1990). The allegations raised in the petition must be "more than argumentative assertions without factual support." *Beltowski v. State,* 289 Minn. 215, 217, 183 N.W.2d 563, 564 (1971). This court has held that in postconviction proceedings where a petitioner alleges constitutionally inadequate performance by an appellate attorney, the petitioner must allege facts which would:

affirmatively prove that his counsel's representation 'fell below an objective standard of reasonableness' and 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'

*Gates v. State,* 398 N.W.2d 558, 561 (Minn. 1987) (citing *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984)). *See also Scruggs,* 484 N.W.2d at 25 (Minnesota courts apply *Strickland* standard to allegations of ineffective assistance of counsel in postconviction proceedings).

█ The essence of Roby's complaint concerns an unresolved factual discrepancy within the district court record. As noted above, it is unclear from the record whether Roby was arrested inside or outside the

apartment where he lived. Acting upon information received from eyewitness Kenneth Fisher, St. Paul police officers located Roby and several other residents of the Fourth Street apartment "at the scene" and arrested them. A search warrant for the upstairs apartment was obtained *after* Roby's arrest. The United States Supreme Court has ruled that absent exigent circumstances, the Fourth Amendment prohibits the police from making a warrantless and nonconsensual entry into a suspect's home for purposes of executing a felony arrest. *Payton v. New York,* 445 U.S. 573, 589, 100 S.Ct. 1371, 1381, 63 L.Ed.2d 639 (1980). Accordingly, Roby contends that his appellate counsel should have sought a remand to clarify this factual uncertainty and to contest the admission of certain physical evidence and Roby's out-of-court statements to police due to the warrantless arrest.

The State responds with a two-pronged argument in support of the district court's summary denial of Roby's petition. First, it argues that Roby has failed to meet his burden of proof, *i.e.,* he has not revealed credible testimony or other evidence that he was inside the apartment when he was arrested. And second, even if Roby could provide evidence of a violation of the *Payton* rule, the State asserts that, as this court found in *Roby I,* Roby's failure to raise the issue before the district court at trial precludes its litigation on appeal. We agree with both of the State's assertions.

The State maintains that Roby's factual allegations in support of his petition are on a "contingency basis." In other words, Roby's petition does not allege that Roby was actually inside at the time of arrest, but merely complains that the "trial record is vague" and "did not specifically reflect where Petitioner was arrested." Roby cannot obtain an evidentiary hearing on the *Payton* issue, however, without factual support for his ineffective assistance of appellate counsel claim. Specifically, Roby must be able to provide the district court with some evidence that he was inside his home when arrested and that his appellate counsel was aware of that fact in order to establish that his counsel's failure to seek a remand "fell below an objective stan-

dard of reasonableness." *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064. In light of the lack of evidence at trial supporting Roby's contention, the failure of Roby's appellate counsel to seek a remand on the basis of the *Payton* issue was not unreasonable under the *Strickland* standard.

 In addition, the State asserts that Roby's current petition is merely an attempt to relitigate an issue already decided on direct appeal of his conviction. This court considered the *Payton* issue in *Roby I* and clearly rejected Roby's request for suppression of the "fruits" of the allegedly improper arrest: "It is enough here that the *Payton* issue was never raised in the court below and, consequently, was waived. At the omnibus hearing there was no claim of a warrantless, domiciliary arrest in violation of *Payton.*" *Roby I,* 463 N.W.2d at 508. This court generally will not decide issues which were not raised before the district court, including constitutional questions of criminal procedure. *Sorenson,* 441 N.W.2d at 457. At the court's discretion, it may deviate from this rule when the interests of justice require consideration of such issues and doing so would not unfairly surprise a party to the appeal. *Id.* By implication this court declined to deviate from this rule in *Roby I,* and once again we reject Roby's belated attempt to raise the *Payton* issue.

In conclusion, a district court may summarily deny a petition for postconviction relief "when the issues raised in it have previously been decided by the court of appeals or the supreme court in the same case." Minn. Stat. § 590.04, subd. 3 (1994). Thus, because (1) Roby can show no prejudice from his appellate counsel's actions, and (2) the issue was addressed on direct appeal, the district court properly denied his request for an evidentiary hearing.

Affirmed.