STATE of Minnesota, Respondent,

v.

Culisa Ann THOMAS, Appellant.

No. A12–1598.

Court of Appeals of Minnesota.

June 17, 2013.

Lori Swanson, Attorney General, St. Paul, MN; and Jennifer K. Fischer, Kandiyohi County Attorney, Stephen J. Wentzell, Assistant County Attorney, Willmar, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, St. Paul, MN, for appellant.

Considered and decided by PETERSON, Presiding Judge; ROSS, Judge; and KLAPHAKE, Judge.*

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

ROSS, Judge.

After police arrested Culisa Thomas for possessing a controlled substance, the district court released her on her personal recognizance on the conditions that she not possess or consume alcohol or drugs and submit to random drug testing at her expense. Thomas did not participate in her required drug tests, claiming that she could not afford to do so. The district court found Thomas in violation of her release conditions and modified them to include an option: she must either pay $25,000 bail for an unconditional release or she must pay $500 bail and pay for drug testing for a conditional release. Thomas now appeals from that amended release order, asserting that her rights to due process and equal protection under the Fourteenth Amendment were violated when the district court based her release terms on drug testing that she cannot afford. Because her claim is in essence one of excessive bail, and the Eighth Amendment provides an express textual source of constitutional protection from excessive bail, we do not consider Thomas's Fourteenth Amendment argument, and we affirm the district court's bail order.

## FACTS

Drug and gang task force agents and police officers executed a search warrant on Culisa Thomas's apartment in Willmar in April 2012. The search uncovered numerous baggies having residue that tested positive as cocaine and methamphetamine, as well as various drug paraphernalia. Thomas admitted that she lived at the address and used marijuana and cocaine regularly. The next month the state charged Thomas with fifth-degree possession of a controlled substance under Minnesota Statutes section 152.025, subdivision 2(a)(1) (2010). The district court appointed Thomas a public defender at her initial appearance and released her conditionally on her personal recognizance. The court's release conditions required Thomas to abstain from alcohol and drugs and to submit to random drug testing at the probation office's direction at her own expense.

The probation office ordered Thomas to submit to a drug test on May 30, 2012. Thomas appeared as scheduled, but she claimed that she had no money to pay for the test and was therefore turned away without being tested. The probation office demanded that she submit to drug testing about two weeks later. This time Thomas did not appear at all; she called the probation office and left a voicemail message saying that she could not attend because she was in Mankato caring for her sick daughter and that, in any event, she had no money to pay for the test even if she were present.

The state accused Thomas of violating her conditions of release, and the district court commenced a hearing on July 9, 2012. The district court continued the hearing for three days to give the probation office time to explore any drug testing options that did not require Thomas to pay. At the July 12, 2012 hearing, the probation officer reported that the county had no funds to pay for drug testing. The district court then found that Thomas had violated the conditions of her release by failing to undergo drug testing. It revised its release conditions in an amended order stating that Thomas would either be unconditionally released on $25,000 bail or conditionally released on $500 bail subject to the original drug-testing requirement at her cost. The order directed Thomas to report to jail by July 19, 2012, if she failed to post bail under either alternative. Thomas failed to post bail and reported to jail on July 19, 2012.

Thomas moved the district court to modify the conditions of her release. The district court heard the motion and found that Thomas's bail was appropriately set based on rule 6.02 of the Minnesota Rules of Criminal Procedure. In denying Thomas's bail challenge, the district court found that Thomas's conditions of release—that she abstain from the use of controlled substances and submit to random testing at her own expense—"[were] particularly important as the defendant is a self-admitted cocaine and marijuana user." The court stated that only testing can ensure that a released defendant is not using drugs. It concluded that public safety justified amended release conditions. Thomas appeals.

### ISSUE

Should this court address Thomas's Fourteenth Amendment claim that the district court violated her due process and equal protection rights when it modified her pretrial release conditions by setting bail based on whether she agreed to pay for her drug testing?

### ANALYSIS

■ Thomas challenges the district court's modified bail order. A person arrested for a crime must be "released on personal recognizance or an unsecured appearance bond unless a court determines that release will endanger the public safety or will not reasonably assure the defendant's appearance." Minn. Rule Crim. P. 6.02, subd. 1. In deciding the bond amount, the district court has discretion to "[i]mpose other conditions necessary to assure appearance as ordered." *Id.* at subd. 1(d). These conditions must be to assure the defendant's presence. *State v. Dillon,* 529 N.W.2d 387, 394 (Minn.App.1995). If a defendant violates a release condition, the district court may revise the conditions. Minn. R.Crim. P. 6.03, subd. 3.

The district court appears to have followed the rules and corresponding caselaw in ordering and then revising Thomas's conditional release terms. The terms assigned here seem to meet the general purpose of bail, which is to ensure that the defendant appears in court and submits to the judgment of the court. *State v. Brooks,* 604 N.W.2d 345, 350 (Minn.2000). And the amount assigned does not appear to have exceeded the district court's broad discretion in assigning bail. *See State v. Martin,* 743 N.W.2d 261, 265 (Minn.2008) ("The amount of bail to be fixed in a particular case rests within the discretion of the trial court and its determination will not be reversed unless there is a clear abuse of that discretion." (quotation omitted)). Thomas nonetheless challenges the district court's bail determination, asserting that it violated her rights of due process and equal protection under the Fourteenth Amendment.

■ The fundamental difficulty with Thomas's argument is its failure to rest on the constitutional provision that expressly addresses overly burdensome bail. Because she raises a constitutional question, we address it de novo. *See Brooks,* 604 N.W.2d at 348. The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII; *see also* Minn. Const. art. I, § 5. This express protection against excessive bail provides the constitutional avenue for claims like Thomas's. This is because when "an explicit textual source of constitutional protection" exists against a specific government action, we analyze that action under the specific constitutional provision and not on more generalized grounds, such as substantive due process.

*Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842, 118 S.Ct. 1708, 1714, 140 L.Ed.2d 1043 (1998); *State v. Wiseman*, 816 N.W.2d 689, 693 (Minn.App.2012), *review denied* (Minn. Sept. 25, 2012).

Thomas argues that she is unable to meet the terms of conditional release because she is indigent and that the bail is therefore improper under the Fourteenth Amendment. We have never considered similar claims under the Fourteenth Amendment and Thomas has provided no federal or Minnesota caselaw suggesting that we should. She also makes no argument that the Fourteenth Amendment is a more suitable vehicle for her claims than the Eighth Amendment, and none is apparent to us. At the core, her argument is that the district court assigned bail without sufficient regard for her financial limits—the same argument made by numerous defendants under the Eighth Amendment. And she offers no caselaw or argument attempting to support a theory that either her unconditional bail amount of $25,000 or her conditional bail amount of $500 plus the cost of occasional drug testing is excessive under the Eighth Amendment. Thomas's counsel acknowledged at oral argument that a favorable Eighth Amendment argument would be difficult to fashion on these facts. In any event, because an Eighth Amendment excessive-bail argument was not made to the district court or to this court, we do not speculate on the merits of one. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn.1996). We affirm because the Fourteenth Amendment is not the proper constitutional source for Thomas's excessive-bail claim.

## DECISION

The Eighth Amendment to the United States Constitution provides an express textual source of protection from excessive bail. We therefore will not address on the merits Thomas's Fourteenth Amendment challenge to the district court's imposition of an unconditional bail amount or its alternative conditional bail.

**Affirmed.**