STATE of Minnesota, Respondent,

v.

David Loren HAUKOS, Appellant.

No. A13–1571.

Court of Appeals of Minnesota.

May 27, 2014.

clearly fail under *Smith,* which is materially identical to the case before us. *See* 490 U.S. at 801, 109 S.Ct. 2201.

Lori Swanson, Attorney General, St. Paul, MN; and James C. Backstrom, Dakota County Attorney, Kevin J. Golden, Assistant County Attorney, Hastings, MN, for respondent.

Ryan J. Wood, Wood Law Firm, PLLC, Bloomington, MN; and Pamela M. Cecchini, Cecchini Law Office, St. Paul, MN, for appellant.

Considered and decided by SMITH, Presiding Judge; CONNOLLY, Judge; and CHUTICH, Judge.

## OPINION

SMITH, Judge.

We affirm the district court's sentencing order instructing appellant that he must register as a sex offender because probable cause existed for the triggering charge.

## FACTS

Appellant David Loren Haukos met S.D. at a bus station in July 2011. S.D. willingly accompanied Haukos to Haukos's home. While there, Haukos twice attempted to touch S.D.'s genitals, but S.D. rejected his advances.

S.D., who has been diagnosed with bipolar disorder, told his therapist about the incident, and she directed him to report it to police. Police responded, taking oral and written statements from S.D. S.D.'s therapist and a friend verified to police

that S.D.'s account matched what he had told them.

The state charged Haukos with felony fourth-degree criminal sexual conduct (vulnerable adult) in violation of Minn.Stat. § 609.345, subd. 1(d). After a pretrial appearance, the district court determined that probable cause supported the charge, and Haukos did not challenge that finding.

Haukos, however, advised the district court about the state's lack of responsiveness to discovery requests, stating that Haukos had learned of S.D.'s mental impairment from the police report only and that the prosecutor had failed to respond adequately to his requests for information about potential expert testimony. Haukos's attorney told the district court, "I don't know what [S.D.'s] mental deficiency is. I have no clue, other than reading bipolar type I disease. That's all I know, and that's from a police report." Haukos's attorney later told the district court that this late and incomplete notice of S.D.'s mental conditions was the reason he did not challenge the probable cause determination for the fourth-degree criminal sexual conduct charge.

After extensive pretrial litigation addressing issues unrelated to this appeal,[1] the state amended the complaint to add a charge of fifth-degree criminal sexual conduct. The amended complaint contained a probable cause statement identical to that in the original complaint. The district court again found that probable cause existed to support the charges, and Haukos again did not challenge this determination before trial.

After a trial, the district court entered judgment of guilty on the fifth-degree criminal sexual conduct charge. The dis-

trict court found that, although S.D. had significant mental-health issues, they did not impair his ability to consent or withhold consent to sexual activity. It also found that Haukos "did not know nor could he reasonably have known S.D. was 'mentally impaired.'" Accordingly, the district court acquitted Haukos on the fourth-degree criminal sexual conduct charge.

At the sentencing hearing, the district court questioned the registration requirement in Minn.Stat. § 243.166 because it allowed prosecutors to force defendants to register even if the initial charge was excessive. After the district court requested additional briefing regarding its obligation to impose a registration requirement, Haukos finally challenged the probable cause underlying the fourth-degree criminal sexual conduct charge, arguing that the complaint failed to allege facts supporting the victim's inability to consent or Haukos's awareness of any impairment.

The state responded that Haukos's probable-cause challenge was irrelevant, arguing that the statute required registration in all cases where a triggering charge was brought and a conviction was obtained arising out of the same facts and circumstances. The prosecutor stated that "[t]here's not a way to sidestep it," and asserted that "we don't even get into the ... correctness of the original charging decision."

The district court opined that this approach might require registration as a result of "a typo [or] a complaint where it was completely erroneous that somebody cut and pasted from a different document." But the district court reasoned that, because probable cause existed to support the fourth-degree criminal sexual conduct

---

1. *See generally State v. Haukos*, Nos. A12–0634, A12–0807, 2012 WL 5289875 (Minn. App. Oct. 29, 2012).

based on what the prosecution knew at that time it filed the complaint, "registration comes along with it." Accordingly, the district court included in its sentencing order a statement that Haukos was required to register as a sex offender.

## ISSUE

Did the district court err by determining that Minn.Stat. § 243.166 (2010) required appellant to register as a sex offender?

## ANALYSIS

Haukos argues that the district court's instruction that he was required to register as a sex offender was erroneous because probable cause did not support the fourth-degree criminal sexual conduct charge.[2] The state responds that the sex-offender-registration statute creates an absolute obligation that a defendant register as a sex offender once a triggering charge is brought and a behaviorally related conviction is obtained. It asserts that the registration requirement persists regardless of the eventual disposition of the triggering charge, and that the district court lacks any authority to relieve defendants of this obligation. The district court expressed strong reservations about the appropriateness of the registration requirement in this case, but it concluded that Haukos was statutorily obligated to register as a sex offender.

## A.

■ We first address whether the district court has any authority to relieve a defendant of the registration requirement under Minn.Stat. § 243.166 (2010). Defendants who are charged with fourth-degree criminal sexual conduct must register as sex offenders if they are convicted of "that offense or another offense arising out of the same set of circumstances." See Minn. Stat. § 243.166, subd. 1b (2010); see also id., subd. 1b(iii) (listing violation of Minn. Stat. § 609.345 as a triggering charge). "Whether a statute has been properly construed is a question of law to be reviewed de novo." State v. Murphy, 545 N.W.2d 909, 914 (Minn.1996).

The state argues that the registration requirement exists irrevocably at the point a triggering charge is brought and a behaviorally related conviction is obtained. The state's argument overreaches its authority. In State v. Lopez, 778 N.W.2d 700 (Minn.2010), the supreme court held that the purpose of Minnesota's sex-offender-registration statute is "to ensure that true predatory offenders cannot plead out of the registration requirements," 778 N.W.2d at 704, not to vest prosecutors with unchecked authority to require defendants to register as sex offenders. Although the Lopez court did not directly address the question of whether probable cause must support a charge that triggers the registration requirement in Minn.Stat. § 243.166, it reaffirmed the basic principle that "[a] person may be charged with a crime only where there is probable cause to believe that the person is guilty—that is, where facts have been submitted to the district court showing a reasonable probability that the person committed the crime." Id. at 703 (emphasis added). Thus, it is the judiciary's determination of probable cause, not the prosecutor's bringing of a charge, that triggers the statutory basis for sex-offender registration.

■ We also note that one of the purposes served by a probable-cause de-

---

**2.** Haukos also briefly asserts various constitutional deficiencies with the registration requirement as applied to him. We decline to address these arguments because the issue was not raised to and decided by the district court. See Roby v. State, 547 N.W.2d 354, 357 (Minn.1996).

termination is "[t]o relieve the defendant from the expense *and ignominy* of a prosecution ... where the known facts ... do not justify a trial." *State v. Florence*, 306 Minn. 442, 446–47, 239 N.W.2d 892, 896 (1976) (emphasis added). A requirement that a defendant register as a sex offender surely qualifies as an "ignominy" against which defendants need the protection offered by a probable-cause determination. As the district court noted, sex offender registrations can affect individuals' ability to rent apartments, get into college, or obtain student loans. To guard against such consequences of an unfair charge, Minnesota defendants have a right to "insist that all disclosures and discovery be filed with the court prior to its determination of the probable cause motion," including "the production of witnesses subject to cross-examination." *Id.* at 454, 239 N.W.2d at 900. We therefore conclude that a qualifying charge may trigger the registration requirement under Minn.Stat. § 243.166 only if it is supported by probable cause,[3] and that the district court may relieve defendants of the registration requirement by determining that probable cause does not exist to support the triggering charge.

### B.

■ We turn next to the merits of Haukos's probable-cause challenge. Haukos argues that probable cause did not support the fourth-degree criminal sexual conduct charge because the complaint did not establish that S.D. lacked the ability to consent or that Haukos had any knowledge of S.D.'s mental disability. He contends that the state's failure to allege information in the complaint supporting these specific elements of a fourth-degree criminal sexual conduct charge and his ultimate acquittal of that charge compel the finding that the charge was not supported by probable cause.

■ Haukos's argument sets the bar for probable cause too high. "Probable cause exists where the facts would lead a person of ordinary care and prudence to entertain an honest and strong suspicion that the person under consideration is guilty of a crime." *State v. Carlson*, 267 N.W.2d 170, 173 (Minn.1978). "The evidence necessary to support a finding of probable cause is significantly less than that required to support a conviction." *State v. Harris*, 589 N.W.2d 782, 790 (Minn.1999). "Unlike proof beyond a reasonable doubt or preponderance of the evidence, probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Id.* at 790–91 (quotation omitted).

Evaluated on the face of the complaint,[4] probable cause existed to support the

---

3. Our decision in this case is compelled by the law and the facts presented. Nevertheless, as we have stated before,

> we are not insensitive to the very basic question appellant raises—why should one be required to register as a predatory offender based upon a conviction arising out of the same set of circumstances as a charged predatory offense when that predatory offense charge is supported not by proof beyond a reasonable doubt, not by clear and convincing evidence, or not even by a preponderance of the evidence, but is

supported only by that lowest of thresholds, probable cause?

*State v. Meyers*, No. A10–104, 2011 WL 382591, at *9 (Feb. 8, 2011), *review denied* (Minn. Apr. 27, 2011), *cert. denied*, —— U.S. ——, 132 S.Ct. 503, 181 L.Ed.2d 354 (U.S. 2011). Separation of powers dictates that this question be addressed to the legislative branch of government, however.

4. By failing to challenge probable cause until the second sentencing hearing, Haukos waived his opportunity to provide an evidentiary basis to supplement the information

fourth-degree criminal sexual conduct charge. The complaint alleges that S.D. was "a vulnerable adult" and asserts that Haukos "knew or had reason to know" of S.D.'s vulnerability. It also details Haukos's assaults on S.D. inside Haukos's home. These allegations are sufficient to lead a person of ordinary care and prudence to entertain an honest and strong suspicion that Haukos was guilty of fourth-degree criminal sexual conduct. *See* Minn. Stat. § 609.345, subd. 1(d). The fact that the state ultimately failed to prove elements of the fourth-degree criminal sexual conduct charge beyond a reasonable doubt does not compel the conclusion that probable cause was also lacking. Accordingly, we conclude that probable cause supported the charge.

found in the complaint for purposes of a probable-cause challenge. *See* Minn. R.Crim. P. 10.01 (requiring that "issues ... that can be determined without trial ... must be made before trial" or be considered waived); *State*

## DECISION

Because probable cause supported the fourth-degree criminal sexual conduct charge, and because Haukos was convicted of fifth-degree criminal sexual conduct for conduct arising out of the same set of circumstances, we affirm the district court's sentencing order instructing Haukos to register as a sex offender.

**Affirmed.**

*v. Lieberg*, 553 N.W.2d 51, 56 (Minn.App. 1996) (holding that defendant waived probable-cause issues by failing to raise them at the omnibus hearing).