*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0917**

State of Minnesota,
Respondent,

vs.

Colin Michael Haven,
Appellant

**Filed March 23, 2015
Affirmed
Worke, Judge**

Washington County District Court
File No. 82-CR-10-4655

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Peter J. Orput, Washington County Attorney, Robin M. Wolpert, Assistant County Attorney, Stillwater, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Chang Y. Lau, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Peterson, Judge; and Connolly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**WORKE**, Judge

Appellant challenges his probation revocation, arguing that the district court improperly considered that he received a downward departure when originally sentenced,

and the need for confinement did not outweigh the policies favoring probation. We affirm.

## DECISION

Appellant Colin Michael Haven challenges the district court's decision to revoke his probation and execute his 48-month sentence. A district court has broad discretion in determining if sufficient evidence exists to revoke probation. *State v. Austin*, 295 N.W.2d 246, 249 (Minn. 1980). To revoke probation a district court must find: (1) a specific condition of probation was violated; (2) the violation was intentional or inexcusable; and (3) given the nature of the violation and the underlying offense, the need for confinement outweighs the policies favoring probation. *Id.* at 250. "The decision to revoke probation cannot be a reflexive reaction to an accumulation of technical violations but requires a showing that the offender's behavior demonstrates that he . . . cannot be counted on to avoid antisocial activity." *State v. Osborne*, 732 N.W.2d 249, 253 (Minn. 2007) (quotation omitted). We will not reverse a district court's decision to revoke probation absent a clear abuse of its broad discretion. *State v. Modtland*, 695 N.W.2d 602, 605 (Minn. 2005).

In May 2012, Haven pleaded guilty to chemical-test refusal, and the district court sentenced him to 48 months in prison, stayed for four years. Haven had three previous driving-while-impaired (DWI) convictions from 2001, 2003, and 2007. The district court departed from the presumptive sentence primarily because Haven would serve extensive time in South Dakota on an unrelated criminal matter committed subsequent to this crime, and after finding that Haven was "amenable to probation," because he had

2

participated in chemical-dependency treatment. Haven acknowledged that the stay of execution in his case was "unique" and that "if [he] ever violate[d] the terms of the probation, [he] could go to prison." Haven's conditions of probation required him to follow probation instructions, get a chemical-dependency evaluation and treatment, remain law-abiding, commit no drug-related offenses, and abstain from alcohol and controlled-substance use.

Haven first violated his probation in May 2013 when he was arrested for driving with a revoked license, possession of drug paraphernalia, possession of marijuana, and possession of methamphetamine. He pleaded guilty to possession of methamphetamine. The district court continued Haven's probation, but required him to begin inpatient treatment within seven days of release from serving 90 days in jail. Then in February 2014, Haven was alleged to have violated his probation by failing to (1) notify probation that he was arrested for DWI in January, (2) appear for scheduled office visits, (3) comply with travel permits, (4) abstain from using mood-altering chemicals, and (5) enter treatment within seven days of release from custody. Haven admitted the violations.

Haven argues that, although the district court justifiably found that he violated his probation, it erred by placing "great significance on the fact that he received a dispositional departure," which was an improper consideration in weighing whether confinement outweighed the policies favoring probation. But Haven cites no authority supporting his assertion that a district court may not take into account a defendant's receipt of a downward dispositional departure when considering whether the need for

3

confinement outweighs the policies favoring probation. More importantly, the district court's comment on Haven's receipt of a departure was brief. The district court stated that when Haven was originally sentenced, he should have been sentenced to prison, but there was a basis to depart. The court stated that in his situation, Haven needed to "follow all the terms of probation because [he was] pretty lucky [he] got a departure." There is nothing inaccurate about this statement. Haven fortunately received an opportunity to succeed on probation, but he was required to follow the terms of his probation.

Finally, Haven argues that the need for confinement does not outweigh the policies favoring probation because, while he was found driving after consuming alcohol, he was never charged with a crime and there are no indications that he is a public-safety risk.

This was Haven's second violation and the report included several violations, which Haven admitted. The district court was concerned about Haven's continued substance abuse and failure to get treatment. The court stated:

> This is the second violation. And part of it that concerns me probably the most is driving under the influence of alcohol . . . . And . . . I'm not concerned about the issue of whether you're going to be charged or whether you committed a crime.
>  . . . .
> I'm concerned that you're putting yourself and others at risk for having consumed alcohol and driving a motor vehicle again. And it's that concern that leads me to believe that I simply do not believe that you're amenable to probation at this time and I have no other alternative but to execute this sentence in view of your continued use and endangerment of public safety.

4

The district court was well within its discretion when it revoked Haven's probation and executed his prison sentence. *See Osborne*, 732 N.W.2d at 253 (stating that in revoking probation it must be shown that the offender's behavior demonstrates that he "cannot be counted on to avoid antisocial activity").

Haven also challenges his criminal-history score, but he did not raise this challenge in district court. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (stating that this court generally will not decide issues which were not raised before the district court).

**Affirmed.**