*This opinion will be unpublished and*
*may not be cited except as provided by*
*Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-0196**

State of Minnesota,
Respondent,

vs.

Derek Jerome Vandyke,
Appellant.

**Filed November 23, 2015**
**Affirmed**
**Reilly, Judge**

Anoka County District Court
File No. 02-CR-13-7745

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Sarah M. Kimball, Carl J. Newquist, Newquist & Kimball Law Offices, P.C., Fridley, Minnesota (for respondent)

Charles A. Ramsay, Daniel J. Koewler, Ramsay Law Firm, P.L.L.C., Roseville, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Connolly, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REILLY**, Judge

On appeal from his criminal vehicular operation conviction, appellant Derek Jerome Vandyke challenges the district court's denial of his motion to suppress the

results of his breath test, arguing that he did not freely and voluntarily consent to the search. Appellant also argues consent is the sole exception to the warrant requirement properly before this court. We affirm because this appeal is not limited to the sole issue of whether appellant consented to the search, and the collection of appellant's breath is a search incident to a valid arrest.

## FACTS

On November 4, 2013, appellant caused a two-vehicle crash resulting in an injury to a passenger in the other vehicle. After being arrested at the scene of the collision on suspicion of driving while intoxicated and criminal vehicular operation, an officer took him to the Fridley Police Department and read the Minnesota Implied Consent Advisory. It included the provision "[b]ecause I also have probable cause to believe you have violated the criminal vehicular homicide or injury laws, a test will be taken with or without your consent." Appellant agreed to provide a breath sample and the test indicated an alcohol concentration of 0.15.

At a contested omnibus hearing, appellant challenged the admissibility of the breath test. Both parties submitted written memoranda on the contested issues. The district court denied appellant's motion to suppress the breath test. In its order the district court noted:

> The Court's review of the record indicates that at the hearing, counsel for Defendant stated that the prosecution had agreed to waive all arguments that the warrantless breath test was constitutional except for the argument that Defendant consented to the test. Counsel for the State of Minnesota neither agreed with this statement nor objected to it.

2

The court further explained that appellant's memorandum of law addressed numerous exceptions to the warrant requirement beyond consent, and appellant did not object to the additional arguments raised in the state's brief. The district court denied appellant's motion to suppress the breath test. The parties proceeded to a trial on stipulated facts, and appellant was convicted of second-degree criminal vehicular operation resulting in bodily harm in violation of Minn. Stat. § 609.21(1)(4) (2012).

## D E C I S I O N

Appellant argues that the warrantless search of his breath violated the Fourth Amendment because he did not freely and voluntarily consent to the search. The Fourth Amendment to the United States Constitution and article I, section 10 of the Minnesota Constitution protect persons from unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. 1, § 10. A breath test is a search. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1412-13 (1989). Generally, a warrantless search conducted without probable cause is per se unconstitutional. *State v. Dezso*, 512 N.W.2d 877, 880 (Minn. 1994). The state bears the burden of proving that an exception to the warrant requirement applies. *Id.*

When the underlying facts supporting a pretrial order on a motion to suppress are not in dispute, "We may independently review facts that are not in dispute and determine, as a matter of law, whether the evidence need be suppressed." *State v. Ortega*, 770 N.W.2d 145, 149 (Minn. 2009) (citation omitted). When the district court proceeds on stipulated facts, we review its pretrial order on the motion to suppress de novo. *State v. Craig*, 807 N.W.2d 453, 464 (Minn. App. 2011), *aff'd* 826 N.W.2d 789 (Minn. 2013).

Shortly after the appeal was filed in this case, the Minnesota Supreme Court decided *State v. Bernard*, 859 N.W.2d 762 (Minn. 2015), and held that a warrantless search of a driver's breath is constitutional as a search incident to a valid arrest on suspicion of driving while impaired. *Id.* at 772. The *Bernard* decision is dispositive of this case. Appellant concedes that "officers had probable cause to believe [he] was operating a vehicle under the influence of alcohol," and that he "was properly taken into custody." Although appellant argues that he did not freely and voluntarily consent to the search of his breath, *Bernard* provides an alternative basis for upholding the warrantless search. *Id.* The *Bernard* decision controls this case because this appeal was pending on direct review at the time it was decided. *See Griffith v. Kentucky*, 479 U.S. 314, 322-23, 328, 107 S. Ct. 708, 713, 716 (1987) (holding that a newly declared constitutional rule applies to all criminal cases pending on direct review or not yet final).

Appellant attempts to distinguish his case from *Bernard.* He states that the officer told appellant that he would be given a "*chemical* test—not a breath test" noting that "*Bernard* authorizes only *breath* tests under the exception." While appellant correctly asserts that the Minnesota Supreme Court has yet to express an "opinion as to whether a blood or urine test of a suspected drunk driver could be justified as a search incident to arrest," appellant was given a breath test, not a blood or urine test. *Bernard* held that a warrantless search of a driver's breath is constitutional as a search incident to a valid arrest. *Bernard*, 859 N.W.2d at 767. Therefore, the warrantless search of appellant's breath is valid under the search incident to arrest exception. *Id.* Since *Bernard* is

dispositive of this case we need not reach the issue of whether appellant freely and voluntarily consented to the search.

Finally, appellant argues that the sole issue properly before this court is the consent exception to the warrant requirement because the parties agreed to limit their argument to this exception at the district court. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) ("[Appellate courts] generally will not decide issues which were not raised before the district court, including constitutional questions of criminal procedure."). However, the district court considered appellant's assertion that the state agreed to limit its arguments to the issue of consent. The district court rejected the argument because both parties addressed other exceptions to the warrant requirement in their memoranda, and defendant did not object to the state's memorandum. Our review of the record supports the district court's findings that exceptions to the warrant requirement other than consent were properly before the court.

**Affirmed.**