*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2122**

State of Minnesota,
Respondent,

vs.

Keith Terrell Bland,
Appellant.

**Filed November 30, 2015
Affirmed
Schellhas, Judge**

Hennepin County District Court
File No. 27-CR-14-4479

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Michael W. Kunkel, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Reilly, Presiding Judge; Schellhas, Judge; and Minge, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**SCHELLHAS**, Judge

Appellant challenges his convictions of terroristic threats, second-degree assault, fifth-degree assault, and trespassing, arguing that he was denied his right to a speedy trial. We affirm.

**FACTS**

On February 15, 2014, appellant Keith Bland threatened a passenger on a Metro Transit bus with a knife. On February 19, respondent State of Minnesota charged Bland with terroristic threats; the state subsequently added charges of second-degree assault, fifth-degree assault, and trespassing. Bland made his first court appearance on February 20, 2014, while in custody, and refused to be interviewed regarding bail. The district court appointed a public defender to represent Bland and set bail. At a pretrial hearing on March 13, Bland discharged his public defender, and the court ordered Bland's conditional release without bail. Bland appeared pro se at an omnibus hearing on March 31. The court found probable cause, and Bland entered a not-guilty plea and affirmed that he wanted a speedy trial. The court scheduled Bland's trial for May 19.

On April 1, 2014, the district court ordered that Bland be taken into custody due to conditional-release violations that included being verbally aggressive and threatening toward the prosecutor and conditional-release officer. On April 3, the court sua sponte ordered a competency evaluation under Minn. R. Crim. P. 20.01. Because of Bland's "excessive threatening and aggressive behavior toward deputies while detained in jail," a forensic psychologist attempted a non-contact interview with Bland on April 23. But due

to Bland's lack of cooperation, the psychologist reviewed Bland's psychiatric records, jail behavioral logs, and court records. The psychologist opined that Bland was not competent to proceed to trial and that Bland appeared to be a suitable candidate for civil commitment as a mentally ill person. On May 8, the district court concluded that Bland was incompetent to stand trial, suspended the criminal proceedings, and ordered his transport to an appropriate treatment facility. Bland remained in custody pending transfer to a treatment facility.

On June 5, 2014, the Hennepin County Mental Health Division dismissed the petition for Bland's commitment and referred him back to the criminal division. On June 10, the district court found Bland competent to proceed to trial with all parties in agreement. The court conducted a second omnibus hearing on June 16, at which Bland again pleaded not guilty and discharged his public defender, who had been reappointed due to Bland's incompetency. At that hearing, the following colloquy occurred:

> THE COURT: You have a right to a speedy trial. A speedy trial is within sixty days of today's date. Is that what you would like?
> BLAND: Ma'am, I don't understand why I just can't do it—I was told today by the last attorney that I was coming today to be picked, the jury. And I'd like to be released because I've been in jail for what, five months now. Waiting to the date so that I can go to court.
> . . . .
> THE COURT: What trial date works for the State?
> PROSECUTOR: I'm not sure if this is within sixty but I am available August 18th.
> (Off-the-record discussion re: scheduling.)
> THE COURT: How about August 18th?
> BLAND: As soon as possible.
> THE COURT: All right.

3

The court set trial for August 18 and ordered Bland's conditional release without bail; Bland remained out of custody through trial.

Trial commenced on August 18, and a jury found Bland guilty of all charges on August 21. The district court sentenced Bland to 23 months' imprisonment for second-degree assault, stayed imposition of sentence for terroristic threats, and imposed a 90-day sentence for trespassing with credit for 90 days.

This appeal follows.

## D E C I S I O N

Bland argues that the delay between his demand for a speedy trial on March 31, 2014, and the commencement of his trial on August 18 violated his constitutional speedy-trial right. Although Bland failed to raise this argument before the district court, we choose to consider his argument. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (noting that while "[appellate courts] generally will not decide issues which were not raised before the district court," they may "deviate from this rule when the interests of justice require consideration of such issues and doing so would not unfairly surprise a party to the appeal").

The right to a speedy trial is secured by both the United States Constitution and the Minnesota Constitution. U.S. Const. amend. VI; Minn. Const. art. 1, § 6; *State v. DeRosier*, 695 N.W.2d 97, 108 (Minn. 2005). "A speedy-trial challenge presents a constitutional question subject to de novo review." *State v. Johnson*, 811 N.W.2d 136, 144 (Minn. App. 2012), *review denied* (Minn. Mar. 28, 2012).

4

To determine whether a delay violates a defendant's constitutional right to a speedy trial, we consider the four-factor balancing test announced in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182 (1972). *State v. Widell*, 258 N.W.2d 795, 796 (Minn. 1977); *accord DeRosier*, 695 N.W.2d at 109. The *Barker* factors are: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530, 92 S. Ct. at 2192. "None of the factors is 'either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant.'" *State v. Windish*, 590 N.W.2d 311, 315 (Minn. 1999) (quoting *Barker*, 407 U.S. at 533, 92 S. Ct. at 2193).

### 1. Length of delay

"The length of the delay is a 'triggering mechanism' which determines whether further review is necessary." *Id.* (quoting *Barker*, 407 U.S. at 530, 92 S. Ct. at 2192). We need not address the remaining *Barker* factors "[u]ntil there is some delay which is presumptively prejudicial." *Barker*, 407 U.S. at 530, 92 S. Ct. at 2192; *accord Windish*, 590 N.W.2d at 315. By rule in Minnesota, a trial must commence within 60 days of a speedy-trial demand unless good cause is shown. Minn. R. Crim. P. 11.09(b). A delay of more than 60 days from a speedy-trial demand raises a presumption that a violation of the right to a speedy trial has occurred. *State v. Friberg*, 435 N.W.2d 509, 512 (Minn. 1989).

Here, Bland demanded a speedy trial on March 31, 2014. He was entitled to a trial within 60 days, but his trial did not commence until August 18—140 days after his demand. We must decide whether good cause justified the 80-day delay beyond the 60

5

days allowed under rule 11.09(b). The state argues that the total delay was no more than 72 days by excluding the 68-day period during the pendency of Bland's competency and commitment proceedings, but the time during which commitment proceedings are pending is not excluded from the calculation of delay. *See State v. Bauer*, 299 N.W.2d 493, 495, 498 (Minn. 1980) (including three-and-one-half-year period during which defendant was incompetent to stand trial in calculation of eight-year delay).

The state also emphasizes that the district court measured the 60 days to trial from Bland's second speedy-trial demand on June 16, 2014, and that the calculation of delay using June 16 is 63 days. The state has cited no legal authority for the proposition that a speedy-trial demand made prior to a finding of incompetency is invalid, nor are we aware of any such authority. Regardless, the state concedes that even a trial delay of 63 days is a presumptive violation of Bland's speedy-trial right. Although the 140-day delay in this case creates a presumption that Bland's speedy-trial right was violated and triggers further inquiry into the remaining *Barker* factors, "the length of time does not, as an independent factor, provide strong support for finding a violation." *State v. Rhoads*, 802 N.W.2d 794, 806–07 (Minn. App. 2011), *rev'd on other grounds*, 813 N.W.2d 880 (Minn. 2012).

2. *Reason for delay*

The second *Barker* factor is the reason for the delay. *Barker*, 407 U.S. at 530, 92 S. Ct. at 2192. The *Barker* rule "places the primary burden on the courts and the prosecutors to assure that cases are brought to trial." *Id.* at 529, 92 S. Ct. at 2191; *accord Windish*, 590 N.W.2d at 316.

6

> A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

*Barker*, 407 U.S. at 531, 92 S. Ct. at 2192. "[I]t is [not] an abuse of discretion for a trial court to delay trial on its own initiative where there is good cause or exigent circumstances substantiated by the record." *McIntosh v. Davis*, 441 N.W.2d 115, 119–20 (Minn. 1989).

When reviewing an alleged violation of a defendant's right to a speedy trial, appellate courts address the reasons for each portion of a delay. *See, e.g.*, *State v. Johnson*, 498 N.W.2d 10, 16 (Minn. 1993) (attributing only 16 days of 629-day delay to state, while attributing remainder of 629-day delay to defendant's motions). Of the 140-day delay here, two periods are at issue: the 68 days during which the competency and commitment proceedings were pending and the 63 days following Bland's second omnibus hearing to the beginning of trial. We address each in turn.

### a.  *68-day delay due to Bland's incompetency and commitment proceedings*

Bland argues that "[t]he delay in [his] case was occasioned by a single factor"—the district court's sua sponte order for a rule-20.01 competency evaluation and its subsequent finding of Bland's incompetency. Bland argues that, because this delay was not attributable to his own actions, this factor must weigh against the state. We disagree. Rule 20.01 requires the district court to raise the issue of the defendant's competency on

its own initiative if, "at any time, [it] doubts the defendant's competency." Minn. R. Crim. P. 20.01, subd. 3. Bland fails to recognize that "a valid reason . . . should serve to justify appropriate delay," *see Barker*, 407 U.S. at 531, 92 S. Ct. at 2192, and the court's finding that Bland was incompetent to proceed to trial was a valid reason that justified 68 days of the total 140-day delay. *See Bauer*, 299 N.W.2d at 498 (concluding that, despite delay greater than eight years, defendant's speedy-trial right was not violated because delay was due to defendant's incompetence and caused no prejudice to his insanity defense).

### b. 63-day delay following second omnibus hearing

In setting Bland's trial after his return to competency, the district court apparently assumed that Bland's speedy-trial right would be vindicated if the trial was set within 60 days of the second omnibus hearing on June 16, 2014. The prosecutor said nothing on the record to disabuse the court of this notion; in fact, when the court asked about the prosecutor's availability for trial, the prosecutor suggested August 18, which the court then selected as the trial date. The *Barker* rule "'places the primary burden on the courts and the prosecutors to assure that cases are brought to trial.'" *Windish*, 590 N.W.2d at 316 (quoting *Barker*, 407 U.S. at 529, 92 S. Ct. at 2191). Given the burden on the state and the lack of information concerning the reason for the delay, this 63-day delay must weigh against the state. But the record contains nothing to suggest that the state acted in bad faith to delay the trial. This delay therefore weighs less heavily against the state than would a deliberate delay. *See Barker*, 407 U.S. at 531, 92 S. Ct. at 2192 ("A more neutral reason such as negligence or overcrowded courts should be weighted less heavily [than a

deliberate attempt to delay trial] but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than the defendant.").

### 3. Bland's assertion of speedy-trial right

The third *Barker* factor is the defendant's assertion of his right to a speedy trial. *Barker*, 407 U.S. at 530, 92 S. Ct. at 2192. The state concedes that Bland asserted his right to a speedy trial. This *Barker* factor therefore weighs in Bland's favor.

### 4. Prejudice to Bland

The final *Barker* factor is whether the delay resulted in prejudice to the defendant. *Barker*, 407 U.S. at 530, 92 S. Ct. at 2192. "Prejudice . . . should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Id.* at 532, 92 S. Ct. at 2193. Those interests are (1) "to prevent oppressive pretrial incarceration," (2) "to minimize anxiety and concern of the accused," and (3) "to limit the possibility that the defense will be impaired." *Id.* The last of these interests is "the most serious . . . because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* at 532.

Bland does not argue that his defense was impaired by the delay; accordingly, only the first two types of prejudice identified in *Barker* are relevant here. He argues that he was prejudiced by being held in custody for "more than 60 additional days" from the time he was returned to custody on April 1, 2014, until his conditional release on June 16, 2014. Bland argues that he was "left to labor for an additional two months under the stress and anxiety that inevitably attends the pendency of a criminal prosecution." But the

9

district court ordered Bland's return to custody on April 1 because of Bland's failure to comply with the terms of his conditional release, and Bland remained in custody until June 16 because of the competency and commitment proceedings that ensued. Any prejudice experienced by Bland as a result of his violation of the terms of his conditional release is attributable only to his conduct, not the state's. Moreover, the prejudice suffered by a defendant must be more than the stress, anxiety, or inconvenience typically experienced by anyone involved in a trial. *See Friberg*, 435 N.W.2d at 515 (concluding that defendants were not seriously prejudiced by delay because "[t]he only prejudice attested to at the hearing was the stress, anxiety and inconvenience experienced by anyone who is involved in a trial"). Nothing in the record indicates that Bland experienced stress, anxiety, or inconvenience beyond that experienced by anyone charged with a felony. And Bland has not shown that the additional days in custody amounted to "oppressive pretrial incarceration." *See Barker*, 407 U.S. at 532, 92 S. Ct. at 2193. Accordingly, Bland has not suffered any unfair prejudice from the delay in this case.

The supreme court has declined to recognize a speedy-trial violation absent prejudice to the defendant, even when a delay weighed against the state. *See State v. Jones*, 392 N.W.2d 224, 235–36 (Minn. 1986) (concluding that defendant's right to speedy trial was not violated, despite seven-month delay attributable to state, because "[n]o unfair prejudice [wa]s evident"). We conclude that the delay in this case did not violate Bland's speedy-trial right.

**Affirmed.**

10