*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0859**

State of Minnesota,
Respondent,

vs.

Khong Meng Kong,
Appellant.

**Filed April 4, 2016
Affirmed
Stauber, Judge**

Ramsey County District Court
File No. 62CR144790

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Davi E. Axelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Stauber, Presiding Judge; Connolly, Judge; and Reilly, Judge.

## UNPUBLISHED OPINION

**STAUBER**, Judge

Appellant challenges his conviction of possession of a firearm by an ineligible person, arguing that the district court erred in denying his suppression motion because

law enforcement failed to conduct a pat search prior to moving his t-shirt. Because appellant failed to raise this argument below and the firearm would have inevitably been discovered during a pat search, we affirm.

**FACTS**

In June 2014, Saint Paul police officers were dispatched after a 911 caller reported a suspicious vehicle. As two officers approached the vehicle, they observed appellant Khong Meng Kong holding an open bottle of vodka. An officer asked Kong for identification. Kong appeared nervous and kept reaching towards his left front pocket and waistband, but did not produce his ID. One officer observed Kong push a "roundish" object, which was covered by his shirt, lower into his belt line. The officer later testified that based on his experience, he "immediately felt that it was probably a gun." The other officer similarly observed Kong "kind of pulling down near his pants pocket . . . toward the left side of his waist." The officers had Kong step out of the car. While one officer held Kong's hands on his head, the other officer lifted Kong's shirt near his left waistline and immediately observed and removed a handgun, later identified as a .22 caliber Derringer-style pistol. Based on a prior felony conviction, Kong was arrested and subsequently charged with possession of a firearm by an ineligible person.

Kong moved the district court to suppress all evidence obtained from the stop because his "seizure was not supported by reasonable articulable suspicion of criminal activity" and the search was not supported by probable cause. The district court denied the motion, determining that the officers had sufficient reason to seize Kong and conduct

2

a pat search for their safety. After a stipulated-facts bench trial, the district court found Kong guilty. This appeal follows.

## D E C I S I O N

Kong concedes that the officers were permitted to conduct a *Terry* search,[1] but argues that when the officer lifted his shirt without first patting the area, the permissible scope of the search was exceeded. "When reviewing pretrial orders on motions to suppress evidence, we may independently review the facts and determine, as a matter of law, whether the district court erred in suppressing—or not suppressing—the evidence." *State v. Harris*, 590 N.W.2d 90, 98 (Minn. 1999). We review the district court's findings of fact for clear error and legal determinations de novo. *State v. Gauster*, 752 N.W.2d 496, 502 (Minn. 2008).

The state asserts that Kong did not preserve the issue of whether the officer improperly lifted his shirt because it was not argued below. We generally do not consider matters not argued to and contemplated by the district court, including constitutional questions of criminal procedure. *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996). But we "may review any order or ruling of the district court or any other matter, as the interests of justice may require." Minn. R. Crim. P. 28.02, subd. 11.

Kong claims that the issue of how the search was conducted was raised to the district court because defense counsel argued that the police "did not have enough to pull

---

[1] In a *Terry* stop, officers may conduct a pat search for weapons, limited to a person's outer clothing, if they have reasonable, articulable suspicion the person might be engaged in criminal activity and they reasonably believe the person is armed. *State v. Dickerson*, 481 N.W.2d 840, 843 (Minn. 1992).

[Kong] out of the car and then search him," and because the district court ruled that the search of Kong was valid. We disagree. Kong's suppression motion requested "a hearing to address the admissibility of all evidence obtained from the seizure of [Kong] as such seizure was not supported by reasonable articulable suspicion of criminal activity" and "to address the admissibility of the evidence obtained from the search of [Kong] as such search was not supported by probable cause." At the commencement of the motion hearing, defense counsel stated that suppression motion addressed "basically the seizure of [Kong's] vehicle" and whether ordering Kong out of the vehicle and searching him "was supported by reasonable articulable suspicion or probable cause." Defense counsel argued that there was no basis for defendant's seizure and therefore the subsequent search was invalid; defense counsel did not argue that the lifting of the shirt exceeded the scope of a *Terry* stop. And, Kong raises an alternative theory on appeal that we conclude the interests of justice do not require us to address.

Moreover, we need not address the validity of the search because the pistol would have inevitably been discovered had the police first conducted a pat search. The inevitable discovery doctrine allows the admission of seized evidence "[i]f the state can establish by a preponderance of the evidence that the fruits of a challenged search ultimately or inevitably would have been discovered by lawful means." *State v. Diede*, 795 N.W.2d 836, 849 (Minn. 2011) (quotation omitted). "If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent," the officer may seize the object if it is contraband. *State v. Krenik*, 774 N.W.2d 178, 185 (Minn. App. 2009) (quoting *Minnesota v. Dickerson*,

4

508 U.S. 366, 375-76, 113 S. Ct. 2130, 2137 (1993)), *review denied* (Minn. Jan. 27, 2010).

Although the parties dispute how the officers would have actually proceeded had one of them not lifted Kong's shirt, Kong concedes that the officers lawfully could have conducted a warrantless pat search. *Cf. State v. Hatton*, 389 N.W.2d 229, 234 (Minn. App. 1986) (holding that illegally-obtained evidence is not admissible under the inevitable discovery doctrine simply because the officers could have obtained a warrant prior to the search), *review denied* (Minn. Aug. 13, 1986). We find no caselaw that requires testimony about how the officers would have acted had one not lifted Kong's t-shirt. And on this record, we can conclude that had the officers conducted a pat search they would have felt the pistol under Kong's shirt and been entitled to seize the pistol at that point.

**Affirmed.**