*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0834**

State of Minnesota,
Respondent,

vs.

Eric James Rutherford,
Appellant.

**Filed April 18, 2016
Affirmed
Reilly, Judge**

Dakota County District Court
File No. 19HA-CR-14-1265

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Jessica A. Bierwerth, Assistant County Attorney, Hastings, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jenna Yauch-Erickson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Stauber, Presiding Judge; Connolly, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REILLY**, Judge

        On appeal from his conviction of fifth-degree criminal sexual conduct, appellant

argues that the district court erred by permitting the state to amend the complaint to add

this offense, after both parties had rested, because the amendment charged an additional and different offense than the third-degree criminal sexual conduct offense charged in the original complaint. Because fifth-degree criminal sexual conduct is a lesser-included offense of third-degree criminal sexual conduct, we affirm.

## FACTS

Appellant Eric Rutherford met M.T. on Facebook and arranged to meet her because he claimed he wanted to photograph M.T. to make her a model. Ultimately, M.T. went to appellant's residence for a photoshoot. Appellant photographed M.T. for several hours and offered her food, alcohol, and water. M.T. accepted a glass of water and took a few sips before she noticed a "pinkish reddish orangeish" substance in the glass. She stopped drinking and felt dizzy and lightheaded.

At one point in the evening M.T. posed lying down on a bed. Appellant sat next to her and put his hand inside her "vagina area." She told him not to touch her, but he persisted. She then told him she would mace him and kick him in the "nuts" if he continued to touch her. Shortly thereafter, appellant's cousin arrived at the residence and appellant left the room to talk to him. While appellant talked with his cousin, M.T. went to the bathroom to change clothes and texted her father. M.T. told her father she was ready to return home and that appellant had touched her inappropriately.

While M.T. changed her clothes and texted her father, appellant entered the bathroom and again penetrated M.T.'s vagina with his fingers. M.T. got dressed, gathered her things, threatened appellant with mace, and ordered him to take her home. Appellant spoke on the phone with M.T.'s father, and then drove M.T. home.

2

M.T. reported the incident to the Burnsville police department via telephone the following morning, and went to the police station the day after. The police conducted an investigation and appellant was subsequently charged with a single count of criminal sexual conduct in the third degree in violation of Minn. Stat. § 609.344, subd. 1(c) (2014). Before trial, appellant filed a motion to dismiss for lack of probable cause. He argued there was no evidence he "used force or coercion to accomplish the acts alleged by [M.T.]." The district court denied the motion.

On the third day of trial, the state moved the court "to instruct on the lesser included" offense of fifth-degree criminal sexual conduct. The district court asked the state to provide a citation for "what it should say as a count in the complaint[,]" but did not rule on the motion. At the end of the third day of trial, the state asked the court if it could "take up the amendment in the morning or . . . the lesser included in the morning."

The state rested at the beginning of the fourth day of trial. Defense counsel called a single witness, and, following the witness's testimony, made a motion to dismiss the "sole count of the complaint." The court then sought clarification and asked, "[t]here's only one count at this point?" After hearing arguments, the court denied the motion, but after a lengthy explanation stated that it was "a very, very close call with whether there was force or coercion."

Appellant waived his right to testify and did not call any further witnesses. The state then inquired, "Judge, are you inclined to do a lesser included or not?" The court responded, "I have started to work on my instruction so we can talk about it in five minutes." The court did not rule on the motion on the record. However, it instructed the

jury that, "the [state] has filed a complaint charging the Defendant with two counts in the complaint," and went on to instruct the jury on the elements of third-degree and fifth-degree criminal sexual conduct.

Appellant's closing argument primarily consisted of trying to discredit M.T. It concluded with "[appellant] committed no crime in this case, not three times in the bathroom, not two times in the bedroom and one time in the bathroom, not at all." The jury found appellant guilty on the fifth-degree count, and not guilty on the third-degree count.

At sentencing, appellant readdressed the issue of the addition of the lesser-included offense. Appellant noted the state did not make a formal motion to add the instruction on fifth-degree criminal sexual conduct, and made a record of his continued objection. The district court determined that appellant was not prejudiced by the instruction because fifth-degree criminal sexual conduct is a lesser-included offense of third-degree criminal sexual conduct.

**D E C I S I O N**

**I.**

Appellant argues the district court erred when it instructed the jury on fifth-degree criminal sexual conduct because the jury instruction was an impermissible amendment of the complaint under Minnesota Rule of Criminal Procedure 17.05. We review a district court's determination under rule 17.05 for abuse of discretion. *Gerdes v. State*, 319 N.W.2d 710, 712 (Minn. 1982). Rule 17.05 provides "[t]he court may permit an indictment

4

or complaint to be amended at any time before verdict or finding if no additional or different offense is charged and if the defendant's substantial rights are not prejudiced."

Appellant argues that under rule 17.05 whether the added offense constitutes an "additional or different offense" requires a different analysis than whether an offense is a lesser-included offense of the charged offense. However, this assertion is not supported by our caselaw on lesser-included offenses. In *State v. Lory*, appellant argued that the jury instruction was an impermissible amendment of an indictment under rule 17.05 because felony murder was a different offense than second-degree intentional murder (the crime with which he was initially charged). 559 N.W.2d 425, 427-28 (Minn. App. 1997), *review denied* (Minn. Apr. 15, 1997). We analyzed whether an "additional or different offense" was charged by determining whether the jury instruction given was for a lesser-included offense. *Id.* at 428. We determined rule 17.05 was satisfied because the amendment was a lesser included offense of the crime charged. *Id.*

A lesser included offense is "[a] crime necessarily proved if the crime charged were proved." Minn. Stat. § 609.04, subd. 1(4) (2014). Fifth-degree criminal sexual conduct is a lesser-included offense of third-degree criminal sexual conduct. In order to convict appellant of third-degree criminal sexual conduct the state needed to prove appellant engaged in nonconsensual sexual penetration and used force or coercion. Minn. Stat. § 609.344, subd. 1(c). Fifth-degree criminal sexual conduct requires that the state prove the defendant engaged in nonconsensual sexual contact. Minn. Stat. § 609.3451, subd. 1(1) (2014). Sexual contact is the intentional touching of the complainant's intimate parts or the clothing over the intimate parts. Minn. Stat. § 609.341, subd. 11(a)(i) and (iv) (2014).

5

Because contact precedes and is incidental to penetration, if third-degree criminal sexual conduct is proved, fifth-degree criminal sexual conduct also is necessarily proved, making it a lesser-included offense of the offense charged. *See State v. Kobow*, 466 N.W.2d 747, 752 (Minn. App. 1991) (determining second- and fourth-degree criminal sexual conduct were lesser-included offenses of first-degree criminal sexual conduct because the difference was "simply one of sexual contact versus sexual penetration."), *review denied* (Minn. Apr. 18, 1991). Because the constructive amendment to the complaint added a lesser-included offense of the charged offense, it was not an "additional or different" offense under the first prong of rule 17.05.

Appellant argues that even if fifth-degree criminal sexual conduct is not a "different offense" charged, we must independently consider whether he was prejudiced under a rule 17.05 analysis.[1] However, the Minnesota Supreme Court has long held that "[u]pon careful review of Rule 17.05, . . . in order to prejudice the substantial rights of the defendant, it must be shown that the amendment either added or charged a different offense." *Gerdes*, 319 N.W.2d at 712; *see also State v. Ostrem*, 535 N.W.2d 916, 923 (Minn. 1995) (quoting the above quoted passage in *Gerdes* in 1995). Therefore, because fifth-degree criminal

---

[1] Appellant relies on *State v. Guerra*, where we replaced the word "and" with "or" when discussing rule 17.05 and referred to the prejudice prong of rule 17.05 as an "independent proscription." 562 N.W.2d 10, 13 (Minn. App. 1997). We stated "[a]n amendment to the charges against [the defendant] could be permitted only if it did not charge a different or additional offense *or* prejudice substantial rights." *Id.* at 13. This is different from the text of rule 17.05 which states "if no additional or different offense is charged *and* if the defendant's substantial rights are not prejudiced." To the extent we described prejudice as an "independent proscription" *Guerra* contradicts the plain language of rule 17.05 and supreme court precedent, as such, reliance on *Guerra* for that point is inapposite.

sexual conduct is a lesser-included offense of third-degree criminal sexual conduct and did not add or charge a different offense, we need not reach the issue of whether appellant was prejudiced.

Although we do not need to reach the issue of whether appellant was prejudiced, we address the issue for the sake of completeness. Appellant argues his substantial rights were prejudiced because he was denied his opportunity to prepare a defense against the fifth-degree count. *See State v. DeVerney*, 592 N.W.2d 837, 846 (Minn. 1999) ("[T]he opportunity to prepare a defense in a criminal case is a substantial right."). Appellant asserts his defense "centered around the force or coercion element." Appellant cites to trial counsel's assertion at the sentencing hearing for support of that statement. However, a review of the record indicates his defense strategy at trial was largely to discredit the victim. The opening statement contained no theory of the case, the cross-examination of M.T. focused almost exclusively on her credibility. At no point during the trial did appellant concede there was any sexual contact, nonconsensual or otherwise, between him and the victim. Contrary to appellant's assertion it does not appear that his defense was "keyed" to the force or coercion element, nor did the lesser-included instruction require a "substantially different defense." *Cf. Guerra*, 562 N.W.2d at 14 (determining a defendant was prejudiced when his defense was keyed to the charged offense and the constructive amendment required a substantially different offense). Thus, appellant's substantial rights were not prejudiced by the inclusion of the lesser-included instruction. Further, because fifth-degree criminal sexual conduct is a lesser-included offense of third-degree criminal sexual conduct, appellant was on notice that the trial court could, sua sponte, submit the

7

instruction to the jury. *See State v. Dahlin*, 695 N.W.2d 588, 598 (Minn. 2005) (quoting *State v. Leinweber*, 303 Minn. 414, 421, 228 N.W.2d 120, 125 (1975) ("Neither the prosecution nor the defense can limit the submission of such lesser degrees as the trial court determines should be submitted.")).

**II.**

In his pro se brief, appellant argues that he is entitled to a new trial because the jury pool was tainted. Appellant identifies four potential jurors who tainted the pool. Two were selected to serve on the jury; two were not.

Potential jurors G.H. and B.S. were not selected to serve on the jury. Appellant does not assert that these jurors did or said anything to influence the jurors who were selected to serve. Appellant does not provide, nor are we aware of, legal authority to support the proposition that he is entitled to relief because the jury *pool* was tainted.

Appellant alleges juror C.C. stated during voir dire that "[an] alleged victim would [n]ever lie about [a sexual assault]." This assertion is not supported by the record. C.C. did indicate one of her extended family members was convicted of sexual assault over ten years ago, but when the court asked "how would it, if at all, affect you sitting on this case?" she responded "I don't think it would, I don't." Defense counsel asked C.C. "Would you tend to believe a person who accuses a sexual assault over, I mean, would you tend to believe that person and that this is the type of crime where you think no one can lie about?" and she responded "no." When defense counsel asked her if she would have any problem finding appellant not guilty if the state did not meet its burden of proof beyond a reasonable doubt, she responded "No, I don't think so." A careful review of the record does not

8

support appellant's assertion that C.C. stated she believed a person would never lie about a sex crime.

Appellant next asserts juror E.L. lied about knowing appellant's brother, a witness who testified at trial. This issue was brought before the district court for the first time at sentencing. Defense counsel "ma[d]e a record" of the fact that appellant's brother said he recognized E.L. because he worked with him at a previous place of employment. Defense counsel did not seek any relief. The state responded that it wasn't an issue because E.L. had the name of the witness prior to testifying and "it was not brought to anyone's attention that the juror had knowledge of, or has any reason to have any bias or prejudice against [appellant]." The record was not developed further on this issue, and appellant did not seek further relief from the district court. Therefore, this issue is not proper for appellate review. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (holding an appellate court will not consider matters not argued to and considered by the district court).

**Affirmed**