*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0954**

State of Minnesota,
Respondent,

vs.

Elijah Emmanual Maddox,
Appellant.

**Filed May 23, 2016
Affirmed
Ross, Judge**

Scott County District Court
File No. 70-CR-14-5773

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Ronald Hocevar, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Kathryn J. Lockwood, Assistant Public Defender, Sharon E. Jacks, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Ross, Judge; and Smith, Tracy, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Elijah Maddox pleaded guilty to aiding and abetting first-degree burglary while possessing a dangerous weapon for his part in a late-night home invasion in Scott County.

Maddox appeals his 93-month prison sentence, arguing that the district court abused its discretion by departing upward from the presumptive term under the sentencing guidelines. We affirm the sentence because the district court acted within its discretion when it determined that Maddox's crew committed the crime in a more serious fashion than the typical burglary based on the group-nature of the intrusion.

## FACTS

Elijah Maddox was familiar with a home in Scott County because he had spent time there when he was in middle school. He had befriended the homeowner's son, but the family had barred Maddox from visiting after he stole video games and cash. In April 2014, Maddox capitalized on his familiarity with the home's layout, suggesting to his friends William Underhill, Isiah Benitez, and then-juvenile M.N., that they burglarize it. Maddox drove the three to the house after midnight.

The four men took a rifle with them. They approached the house and Maddox decided to return to the car while the others threw a planter through a window and entered. The breaking glass startled the homeowners, a couple who had been asleep in their bedroom. One of them got out of bed, and as he approached the French door that led to the rest of the house, Underhill opened it. The man reacted by quickly slamming the door, through which one of the intruders then fired several bullets at about chest level. The bullets missed the couple. One of them dialed 9-1-1, and the three burglars ran from the house.

Underhill, Benitez, and M.N. got back into the car where Maddox was waiting. Underhill drove as Maddox directed him. Maddox soon decided to part with the other three men, who planned more break-ins. They dropped Maddox off at a fast-food restaurant.

Police caught up with the trio in a neighboring city several hours later after they broke into a school. Police arrested them, found a rifle in the car, and soon matched them to the home invasion.

Within days, police also linked Maddox to the group and arrested him. The state charged Maddox with a host of aiding-and-abetting crimes: second-degree attempted murder, first-degree burglary of an occupied dwelling, first-degree burglary with possession of a dangerous weapon, first-degree burglary involving assault of a person within the building, and second-degree assault with a dangerous weapon. Maddox pleaded guilty to aiding and abetting first-degree burglary with possession of a dangerous weapon in violation of Minnesota Statutes section 609.582, subdivision 1(b) (2012). The state agreed in exchange to dismiss the other charges.

Maddox faced a prison sentence with a presumptive range of 50 to 69 months. The state urged the district court to depart upward to the 240-month statutory maximum term, emphasizing that Maddox committed the crime in a group of three or more offenders and that the crime occurred where the victims had an expectation of privacy, citing Minnesota Sentencing Guidelines 2.D.3.b.(10), (14) (Supp. 2013). Maddox waived his right to a *Blakely* hearing on the allegedly aggravating circumstances.

The district court rejected the state's privacy-intrusion argument because that factor mirrored the conduct that constituted burglary of a dwelling—a charge that the state had dismissed. But the court decided that because Maddox committed the burglary with three other actively participating offenders, his sentence was subject to an upward departure. The district court imposed a 93-month sentence.

3

Maddox appeals.

## D E C I S I O N

Maddox appeals the district court's upward sentencing departure. We review a district court's decision to depart from the sentencing guidelines for an abuse of discretion. *State v. Hicks*, 864 N.W.2d 153, 156 (Minn. 2015). A court may not depart from the presumptive sentence unless it finds substantial and compelling reasons to depart. *State v. Misquadace*, 644 N.W.2d 65, 69 (Minn. 2002). "Substantial and compelling" reasons for a durational departure are those circumstances that show that the defendant's conduct was significantly more or less serious than conduct typically involved in the commission of the crime of conviction. *Hicks*, 864 N.W.2d at 157. We will affirm the departure only if the district court's reasons are legally permissible and factually supported. *Id.* at 156.

We are not persuaded by Maddox's contention that the district court abused its discretion by imposing the 24-month upward departure. We think instead that the district court rightly concluded that his conduct was significantly more serious than that typically involved in the commission of first-degree burglary with a dangerous weapon. The district court found that the crime was committed by three or more actively participating offenders, and this is an aggravating factor specifically contemplated by the sentencing guidelines. Minn. Sent. Guidelines 2.D.3.b.(10).

Maddox argues that his conduct actually fit the *mitigating* factor that "the offender played a minor or passive role in the crime," under Minnesota Sentencing Guidelines 2.D.3.a.(2) (Supp. 2013). But the district court did not find Maddox's role to be minor, and his instigation and targeting of the victims' home would seem to defeat the idea. The district

court instead found that Maddox actively participated in the crime by planning, casing the home, acquiring the rifle, and guiding the other men in flight from the victims' neighborhood. The finding is factually supported. Even if this were not so, Maddox did not argue to the district court that a mitigating factor existed. We will not consider the argument for the first time on appeal. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996).

Maddox implies that the group-of-three-or-more aggravating factor is generally applied along with other aggravating factors and does not stand alone as a basis for departure. The notion is wrong. Even a single aggravating factor can support an upward departure. *State v. Mohamed*, 779 N.W.2d 93, 97 (Minn. App. 2010), *review denied* (Minn. May 18, 2010). And we have specifically held that the group-of-three-or-more factor is sufficient to support an upward durational departure. *State v. Castillo-Alvarez*, 820 N.W.2d 601, 623 (Minn. App. 2012), *aff'd on other grounds*, 836 N.W.2d 527 (Minn. 2013). The district court's departure is properly supported by its finding that Maddox committed the crime as part of a group of three or more offenders, and the finding stands on the evidence.

**Affirmed.**