*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1560**

State of Minnesota,
Respondent,

vs.

Theron Dean Ibarra,
Appellant

**Filed August 29, 2016
Affirmed
Worke, Judge**

Martin County District Court
File No. 46-CR-14-502

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Elizabeth W. Bloomquist, Fairmont City Attorney, Fairmont, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer L. Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Ross, Judge; and Randall, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**WORKE**, Judge

Appellant challenges the district court's determination that a reasonable, articulable suspicion of criminal activity justified the stop of his vehicle. We affirm.

## FACTS

On May 12, 2014, Officer Craig Fowler observed a vehicle enter and accelerate through a mall parking lot. Officer Fowler believed that the vehicle was traveling faster than 15 mph. The officer followed the vehicle. When Officer Fowler reached the vehicle, it had exited the parking lot. Outside the parking lot, the officer measured the vehicle's speed with radar at 29 mph. Officer Fowler stopped the vehicle for speeding through the parking lot. The driver, appellant Theron Dean Ibarra, admitted that his driver's license was revoked and that he did not have proof of insurance. Officer Fowler cited Ibarra for driving after revocation and no proof of insurance.

Officer Fowler observed that Ibarra's eyes were glassy and bloodshot, and he detected an odor of an alcoholic beverage while speaking with Ibarra. Officer Fowler ran a probation check and learned that Ibarra was on probation, which required him to refrain from consuming alcoholic beverages. Ibarra submitted to a preliminary breath test, which indicated 0.097 alcohol concentration (AC). The officer placed Ibarra under arrest for driving while impaired (DWI). At the jail, Ibarra submitted to a breath test, which indicated 0.09 AC. Ibarra was charged with fourth-degree DWI and having an AC of 0.08 or greater within two hours of driving.

Ibarra moved to suppress evidence and dismiss the DWI charges, claiming that the officer did not have a reasonable, articulable suspicion of criminal activity to stop his vehicle based on the officer's belief that Ibarra was speeding through the parking lot. The district court denied Ibarra's motion to dismiss, and the parties submitted stipulated facts, pursuant to Minn. R. Crim. P. 26.01, subd. 3. The parties stipulated that (1) Officer Fowler saw a vehicle that he suspected was violating the speed-zone ordinance, (2) the officer stopped the vehicle, (3) the officer formed suspicion that Ibarra was violating DWI laws, and (4) Ibarra's AC measured 0.09 within two hours of driving a vehicle. The district court found Ibarra guilty of two counts of DWI. This appeal follows.

## D E C I S I O N

### Traffic stop

Ibarra argues that the district court erred by concluding that Officer Fowler had a reasonable, articulable suspicion of criminal activity justifying the stop. "When reviewing a district court's pretrial order on a motion to suppress evidence, we review the district court's factual findings under a clearly erroneous standard and the district court's legal determinations de novo." *State v. Gauster*, 752 N.W.2d 496, 502 (Minn. 2008) (quotation omitted). "Findings of fact are clearly erroneous if, on the entire evidence, we are left with the definite and firm conviction that a mistake occurred." *State v. Diede*, 795 N.W.2d 836, 846-47 (Minn. 2011).

A police officer may initiate a limited investigatory stop without a warrant if he has reasonable, articulable suspicion of criminal activity. *Terry v. Ohio*, 392 U.S. 1, 20-22, 88 S. Ct. 1868, 1879-80 (1968). "The reasonable-suspicion standard is not high."

3

*Diede*, 795 N.W.2d at 843 (quotation omitted). The stop must be based on "more than an inchoate and unparticularized suspicion or hunch." *State v. Timberlake*, 744 N.W.2d 390, 393 (Minn. 2008) (quotations omitted). In determining whether the reasonable-suspicion standard has been met, courts "should consider the totality of the circumstances and should remember that trained law-enforcement officers are permitted to make inferences and deductions that might well elude an untrained person." *State v. Kvam*, 336 N.W.2d 525, 528 (Minn. 1983) (quotation omitted).

A traffic violation, no matter how insignificant, generally provides a basis for a stop. *State v. Anderson*, 683 N.W.2d 818, 823 (Minn. 2004). An objective basis for a stop exists when an officer believes a driver is speeding. *Sazenski v. Comm'r of Pub. Safety*, 368 N.W.2d 408, 409 (Minn. App. 1985).

Here, the district court found that the officer observed Ibarra accelerate through the mall parking lot and estimated that his speed reached 30 mph, which radar measured at 29 mph. The district court concluded that Officer Fowler believed that he could stop Ibarra for traveling in excess of the 15 mph speed limit. While it appears that Officer Fowler had a reasonable, articulable suspicion of criminal activity to justify the stop, Ibarra argues that because the mall parking lot was not marked in accordance with the city ordinance, the officer could not stop his vehicle based on a speeding violation.

The relevant city ordinance provides:

> "[D]esignated parking lot" means any parking lot open to the public that has *been posted with regulatory signs at each entrance* thereto indicating that the parking lot is subject to the provisions of this Code relating to parking lots.

4

(b) No person shall commit the following acts in a properly designated parking lot:
    (1) Fail to comply with applicable provisions of Minnesota Statutes chapter 169.
    (2) Fail to observe all traffic signs indicating speed, direction, caution, stopping, or parking, and all others posted for the control of motor vehicles.
    (3) Ride or *drive a vehicle at a rate of speed exceeding fifteen (15) miles per hour.*

Fairmont, Minn., Code of Ordinances §16-3 (2015) (emphasis added). The district court found that although the city ordinance "requires that each entrance of a public parking lot indicate the speed limit," "[t]he mall did not post speed limit signs at each entrance."

An officer's reasonable mistake of fact does not invalidate a search if the officer had reasonable, articulable suspicion of criminal activity. *State v. Sanders*, 339 N.W.2d 557, 559 (Minn. 1983); *see State v. Licari*, 659 N.W.2d 243, 254 (Minn. 2003) (stating that "searches based on honest, reasonable mistakes of fact are unobjectionable under the Fourth Amendment"). To comply with the Fourth Amendment, the factual determinations made by agents of the government need not always be correct, but they must always be reasonable. *Illinois v. Rodriguez*, 497 U.S. 177, 185, 110 S. Ct. 2793, 2800 (1990). Officer Fowler's belief that all entrances were marked with the posted speed limit was a reasonable mistake of fact, which does not invalidate the legality of the stop.

### Issue properly before this court

Ibarra also argues that the district court erroneously allowed the state to prosecute Ibarra for charges that stemmed from one traffic stop in two separate prosecutions. Officer Fowler issued Ibarra a citation for driving after revocation and no proof of

insurance and then separately cited Ibarra for DWI. Ibarra moved to dismiss the DWI charges because they were charged separately but stemmed from the same behavioral incident as the driving-after-revocation and no-proof-of-insurance charges, but ultimately withdrew this claim. The district court did not consider this claim or issue a ruling, and, as such, this issue is not properly before this court and we decline to address it. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (holding that an appellate court will not consider matters not argued to and considered by the district court).

**Affirmed.**