*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0251**

State of Minnesota,
Respondent,

vs.

Jhonathan Jontae Robinson,
Appellant.

**Filed January 22, 2024**
**Reversed and remanded**
**Ede, Judge**

Scott County District Court
File No. 70-CR-21-3109

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Ronald Hocevar, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Andrea Barts, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Worke, Judge; and Ede, Judge.

**NONPRECEDENTIAL OPINION**

**EDE**, Judge

In this direct appeal from a judgment of conviction for possession of a pistol without a permit and obstruction of legal process, appellant seeks reversal by challenging the denial of his motion to suppress evidence and to dismiss the charges. Appellant asserts that the

district court erred by determining that the smell of marijuana, alone, provided sufficient probable cause for law enforcement to search his vehicle without a warrant. Alternatively, appellant asks that we reverse his concurrent 365-day gross misdemeanor jail sentences and remand for resentencing because the maximum sentence for a gross misdemeanor is now 364 days. Because we conclude that police lacked probable cause to search appellant's vehicle, we reverse and remand.

**FACTS**

*Underlying Charges*

In February 2021, respondent State of Minnesota charged appellant Jhonathan Jontae Robinson with possession of a pistol without a permit, in violation of Minnesota Statutes section 624.714, subdivision 1a (2020), a gross misdemeanor; obstruction of legal process, in violation of Minnesota Statutes section 609.50, subdivision 1(2) (2020), a gross misdemeanor; and possession of over 1.4 grams of marijuana in a motor vehicle, in violation of Minnesota Statutes section 152.027, subdivision 3 (2020).[1] These charges arose from a traffic stop and the subsequent search of a vehicle that Robinson was driving.

*Pretrial Proceedings*

Robinson moved the district court to suppress "all evidence discovered as a result of the stop" and "the search of [Robinson]'s vehicle." He also moved the court to dismiss the charges, maintaining that "there is insufficient legal evidence to find probable cause to believe [that he] committed the offenses charged." Following contested omnibus hearings,

---

[1] The state later dismissed the marijuana possession charge.

the district court denied Robinson's motion. The relevant and undisputed facts, as set forth by the district court in its findings of fact, conclusions of law, and order denying Robinson's motion, are as follows.

A police officer conducted a traffic stop of a vehicle traveling 68 miles per hour in a 55 mile-per-hour zone. Law enforcement later identified the driver of the vehicle as Robinson. The officer smelled an odor of marijuana coming from Robinson's vehicle and returned to her squad to call for backup to assist with a search. About eight to ten minutes later, the officer returned to Robinson's vehicle, told him that she smelled marijuana, and explained that she intended to conduct a search. Robinson denied that his vehicle smelled like marijuana and refused to allow law enforcement to search. Another officer arrived and observed that Robinson was upset and that Robinson repeatedly refused law enforcement requests that he exit the vehicle. While physically removing Robinson from the vehicle, the second officer "hit his hand." Robinson then told the officers that there was a firearm inside the vehicle. Police found a loaded handgun in the center console and a container of a green substance that tested positive for marijuana. After advisement of his *Miranda*[2] rights, Robinson told law enforcement that the firearm and marijuana belonged to him. There was no evidence and no finding by the district court that Robinson displayed any signs of driving impairment. Nor was there any evidence or finding by the district court that law enforcement observed contraband in plain view inside Robinson's vehicle.

---

[2] *See Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966).

In denying Robinson's motion to suppress, the district court determined that there was an objective legal basis for the traffic stop based on the initial officer's observation that Robinson's vehicle was traveling at 68 miles per hour in a 55 mile-per-hour zone. The district court also determined that, once the initial officer had stopped Robinson and law enforcement "detected the odor of marijuana inside the vehicle," there was "sufficient probable cause for the officers to search the vehicle and any container therein that may reasonably contain evidence of criminal activity related to the marijuana odor, including the center console, where the officers discovered the firearm and marijuana substance." And because the "motion to dismiss was premised on the success of the motion to suppress," the court likewise denied Robinson's motion to dismiss.

### *Jury Trial and Sentencing*

The matter proceeded to a jury trial. The jury found Robinson guilty of both counts, and the district court sentenced Robinson to concurrent 365-day jail sentences.

This appeal follows.

## DECISION

On appeal, Robinson challenges the district court's denial of his motion to suppress and to dismiss. Robinson argues that police lacked probable cause to search his vehicle based on the smell of marijuana alone. The state counters that the odor of marijuana is sufficient to establish probable cause for the vehicle search and that, in the alternative, we should affirm based on the *Lindquist*[3] good-faith exception. We agree with Robinson.

---

[3] *See State v. Lindquist*, 869 N.W.2d 863, 871 (Minn. 2015).

4

The United States and Minnesota Constitutions prohibit "unreasonable searches and seizures" by the government. U.S. Const. amend. IV; Minn. Const. art. 1, § 10. "Generally, evidence seized in violation of the constitution must be suppressed." *State v. Jackson*, 742 N.W.2d 163, 177–78 (Minn. 2007). A warrantless search or seizure is presumptively unreasonable unless it falls within a well-recognized exception to the warrant requirement. *See State v. Licari*, 659 N.W.2d 243, 250 (Minn. 2003); *State v. Milton*, 821 N.W.2d 789, 798-99 (Minn. 2012). The state bears the burden of proving that an exception to the warrant requirement applies. *See Licari*, 659 N.W.2d at 250.

Under the automobile exception to the warrant requirement, "the police may search a car without a warrant, including closed containers in that car, if there is probable cause to believe the search will result in a discovery of evidence or contraband." *State v. Lester*, 874 N.W.2d 768, 771 (Minn. 2016) (quotation omitted). Probable cause requires more than "mere suspicion but less than the evidence necessary for conviction." *State v. Williams*, 794 N.W.2d 867, 871 (Minn. 2011) (citing *State v. Horner*, 617 N.W.2d 789, 796 (Minn. 2000)).

"When reviewing a district court's pretrial order on a motion to suppress evidence, we review the district court's factual findings under a clearly erroneous standard and the district court's legal determinations de novo." *State v. Gauster*, 752 N.W.2d 496, 502 (Minn. 2008) (quotation omitted). "When facts are not in dispute . . . , [appellate courts] review a pretrial order on a motion to suppress de novo and determine whether the police articulated an adequate basis for the search or seizure at issue." *Williams*, 794 N.W.2d at 871 (quotation omitted). And we apply de novo review to a district court's determination

that a warrantless search is supported by probable cause. *See Lester*, 874 N.W.2d at 771 (citing *State v. Munson*, 594 N.W.2d 128, 135 (Minn. 1999)).

While this appeal was pending, the Minnesota Supreme Court held that marijuana odor cannot serve as the sole basis to support probable cause for a vehicle search. *See State v. Torgerson*, 995 N.W.2d 164, 175 (Minn. 2023). In *Torgerson*, "the only indication that evidence of a crime or contraband may be found in [the appellant's] vehicle was the odor of marijuana emanating from the vehicle." *Id.* at 174. No officer expressed any other circumstance contributing to their probable cause determination. *See id.* at 175. The police did not suspect that the appellant was driving under the influence, nor was there any evidence of drug paraphernalia. *See id.*

The *Torgerson* court reasoned that "the odor of marijuana should be considered along with the totality of any other circumstances to determine whether there is a fair probability that a search will yield contraband or other evidence that marijuana is being used in a criminally illegal manner." *Id.* at 173. "In other words, for probable cause to arise, the totality of the circumstances must give rise to a fair probability that the marijuana is being possessed or used in a criminally illegal manner . . . ." *Id.* The supreme court therefore affirmed the suppression of evidence seized via the search of the appellant's vehicle, holding that, "[i]n the absence of any other evidence as part of the totality of the circumstances analysis," marijuana odor, "on its own, is insufficient to establish a fair probability that the search would yield evidence of criminally illegal drug-related contraband or conduct." *Id.* at 175.

6

As in *Torgerson*, the sole basis for the search here was the odor of marijuana coming from Robinson's vehicle. The district court based its conclusion that there was "sufficient probable cause for the officers to search the vehicle and any container therein that may reasonably contain evidence of criminal activity related to the marijuana odor, including the center console," on the fact that law enforcement "detected the odor of marijuana inside the vehicle." There was no evidence or findings that Robinson displayed any signs of impairment, nor was there any evidence or findings that contraband was in plain view. Without other evidence as part of the totality of the circumstances analysis, the marijuana odor, on its own, was insufficient to establish a fair probability that the search of Robinson's vehicle would yield evidence of criminally illegal drug-related contraband or conduct. *See id.* Because the odor of marijuana alone could not support probable cause for law enforcement to search Robinson's vehicle, the district court erred in denying Robinson's motion to suppress and to dismiss on that basis. *See id.* at 173-75.

Maintaining that binding appellate precedent at the time of the incident recognized that the odor of marijuana coming from a vehicle established probable cause for a vehicle search, the state alternatively argues that we should affirm based on the *Lindquist* good-faith exception. *See Lindquist*, 869 N.W.2d at 871. This argument is unavailing. In *Torgerson*, the state similarly asked for application of *Lindquist* on appeal, but the supreme court deemed that argument forfeited because the state failed to raise it before the district court. *See Torgerson*, 995 N.W.2d at 168 n.3. Here, the state likewise failed to assert the *Lindquist* good-faith exception in the district court proceedings. Consistent with *Torgerson*, we deem the state's *Lindquist* argument forfeited. *See id.*; *see also Roby v.*

7

*State*, 547 N.W.2d 354, 357 (Minn. 1996) (recognizing that appellate courts "generally will not decide issues which were not raised before the district court").

*Torgerson* also defeats the merits of the state's argument that, contemporaneous to the search in this case, existing caselaw recognized that marijuana odor in a vehicle was sufficient to establish probable cause: "Our precedent . . . shows that we have shied away from bright-line rules regarding probable cause and we have never held that the odor of marijuana (or any other substance), alone, is sufficient to create the requisite probable cause to search a vehicle." 995 N.W.2d at 173. As a result, even if the state had not forfeited the argument, *Lindquist* does not apply here. *See Lindquist*, 869 N.W.2d at 876-77 (explaining that "the good-faith exception adopted here applies only when law enforcement officers act pursuant to binding appellate precedent"; "the binding precedent must specifically authorize the behavior"; and "[l]aw enforcement cannot extend the law to areas in which no precedent exists or the law is unsettled" (quotation omitted)).

Citing *Wong Sun v. United States*, 371 U.S. 471 (1963), Robinson maintains that we "must" reverse his convictions without remand, asserting that the district court erred by not suppressing "his act in response to being told that his car would be searched and to get out of the car" and "the firearm" as "fruit of the poisonous tree." The state makes no argument as to the "fruit-of-the-poisonous-tree" doctrine, and the district court did not address that issue in its findings of fact, conclusions of law, and order denying Robinson's motion.

When the district court has made no findings of fact on an issue, an appellate court is in no position to review it. *See State v. Wicklund*, 201 N.W.2d 147, 147 (Minn. 1972). Because the district court did not address the merits of Robinson's fruit-of-the-poisonous-

8

tree claim, we decline to do so for the first time on appeal. Accordingly, we reverse and remand this case to the district court with instructions to reopen the omnibus hearing as necessary to make a reasoned decision on the validity of Robinson's fruit-of-the-poisonous-tree claim.[4]

**Reversed and remanded.**

---

[4] Because we reverse on other grounds, we do not address Robinson's alternative argument that we reverse his concurrent 365-day gross misdemeanor sentences and remand for resentencing.